**MARYLAND CASUALTY CO. et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 20442.   Opinion Filed Nov. 19, 1929.

J. S. Ross, S. J. Clay, and Jas. H. Ross, for petitioners.

J. Z. Werby and D. D. Jennings, for respondents.

MASON, C. J.   This is an original proceeding commenced in this court by the Maryland Casualty Company and Huston & Elliott to review an order of the State Industrial Commission awarding compensation to the respondent, S. J. Kent.

The respondent, Kent, while in the employ of the petitioners, Huston & Elliott, was injured by a dynamite explosion, resulting in injury to both eyes.   No contention is made that the accident and resulting injuries do not come within the purview of the Workmen's Compensation Law.

On the 11th day of May, 1929, the Commission entered its order finding that the claimant had a permanent disability to the extent of 100 per cent. loss of vision or sight of his left eye, and 50 per cent. loss of vision or sight of his right eye, and further found that the same constituted a 75 per cent. loss of sight or use of both eyes and awarded the claimant compensation at the rate of $18 per week for 375 weeks.

Petitioners herein contend that the Commission should have made an award based upon disability to the eyes individually, that is, that the Commission should have found: (1) The amount due him for loss of sight of his left eye without relation to the other eye; and (2) that the Commission should have added to that award an additional amount of compensation for the impairment.

of the right eye without considering injury to the left eye.

This requires a construction of section 7290, C. O. S. 1921, as amended by Session Laws 1923, c. 61, sec. 6, the pertinent parts of which are as follows:

"The following schedule of compensation is hereby established:

"1. Permanent Total Disability: In case of total disability adjudged to be permanent, 66⅔ per centum of the average weekly wages shall be paid to the employee during the continuance of such total disability not exceeding 500 weeks; loss of both hands, or both feet, or both legs, or both eyes, or any two thereof shall, in the absence of conclusive proof to the contrary, constitute permanent total disability. In all other cases permanent total disability shall be determined in accordance with the facts.

"2. Temporary Total Disability. * * *

"3. Permanent Partial Disability. In case of disability, partial in character but permanent in quality, the compensation shall be 66⅔ per centum of the average weekly wages, and shall be paid to the employee for the period named in the schedule as follows. * * *

"Eye: For the loss of an eye, 100 weeks.

"For the permanent partial loss of use of a member or sight of an eye, 66⅔ per centum of the average weekly wage during that portion of the number of weeks in the foregoing schedule provided for the loss of such member or sight of an eye which the partial loss of use thereof, bears to the total loss of use of such member or sight of an eye."

In this connection, it must be borne in mind that the Workmen's Compensation Law is remedial in character and intended to cure defects existing in former laws and should, at all times, be broadly and liberally construed so as to effectuate its purpose. The purpose of the law is to compel industry to bear the loss and burden of industrial accident rather than such loss should be borne by the workmen themselves, or dependents, or the state at large.

Under the contention of the petitioners herein, the respondent was entitled to compensation for 100 weeks for the total loss of the left eye and for 50 weeks for the 50 per cent. loss of vision of the right eye, or a total of 150 weeks. We do not think this was the intention of the lawmakers, but it was, no doubt, the clear intent in providing compensation for the loss of one eye to fix compensation for the loss of one of two sound eyes. It was, doubtless, recognized

that a workman might lose one eye and still be able to perform many kinds of work, hence the allowance of compensation for 100 weeks for the loss of one eye, while the loss of both eyes, under the terms of the act, constitutes permanent total disability, and compensation is allowed for 500 weeks. The loss of the second eye, therefore, authorizes four times the amount of compensation as the loss of the first.

This court had a somewhat similar question before it in the case of Nease v. Hughes Stone Co., 114 Okla. 170, 244 Pac. 778, wherein an employee, who had previously lost sight of his left eye, received an injury, in the course of his employment, destroying his right eye, thereby leaving him permanently and totally disabled. The contention was made that the claimant was only entitled to compensation for the loss of one eye. The opinion by Mr. Justice Clark calls attention to the two lines of authorities in other states, and follows the majority rule, which is supported by the better reasoning, and holds that the claimant was entitled to compensation for permanent total disability to the same extent as if he had lost both eyes in said accident.

It is apparent, therefore, that the loss of sight of one of two sound eyes constitutes a different injury and basis for compensation than the concurrent and permanent partial loss of the combined vision of both eyes. It is true there is nothing in the act which specifically provides for such concurrent and permanent partial loss of total vision, except the 17th paragraph of subsection 3, of section 7290, supra, which we think, when considered in connection with the entire act, is sufficient. Said paragraph provides as follows:

"For the permanent partial loss of use of a member or sight of an eye, 66⅔ per centum of the average weekly wage during that portion of the number of weeks in the foregoing schedule provided for the loss of such member or sight of an eye which the partial loss of use thereof, bears to the total loss of use of such member or sight of an eye."

Petitioners contend, however, that said paragraph applies only to the permanent partial loss of sight of an eye; and being in the singular, said section does not include the plural or both eyes.

In section 3559, C. O. S. 1921, it is provided that in all statutes a word used in the singular number includes the plural and the plural includes the singular, except where a contrary intention plainly appears.

It does not plainly appear from this paragraph that it was intended that the singular term used should not include the plural. On the other hand, a consideration of this paragraph, in connection with the remainder of section 7290, supra, indicates a different legislative intent.

It is specifically provided by the statute, as appears above, that in all cases involving a permanent and partial loss of the use or function of the members mentioned, the compensation shall be in such proportion to the amounts named in subdivision 3 as said loss bears to a total loss. For the total loss of one eye, the claimant, it is true, would have been entitled, under subdivision 2, to recover two-thirds of his weekly wages for 100 weeks; but, on the other hand, for the total loss of both eyes or of his total vision, he would, under subdivision 1, have been entitled to the same compensation as for total disability or for 500 weeks. Where he has a partial loss of both eyes, if the statute is to be liberally and broadly construed, and in compliance with the provisions of section 3559, supra, he would be entitled to three-fourths of what he would have recovered for the total loss of both eyes, or three-fourths of the compensation allowed for total disability under subdivision 1.

It is not a mathematical problem, as contended by petitioners. It is not to be solved by adding up the fractional parts, but upon the basis of the percentage of total and permanent disability reasonably found to be produced by the injuries to both eyes considered collectively, and with due regard to their cumulative effect.

This is the construction the Industrial Commission has given to the statute, and the award made for the partial disability of the claimant is based upon the proportion of the total award which the partial loss of the use of claimant's two eyes would have borne to a total loss of them.

Petitioners' application to vacate the award of the Industrial Commission is denied.

HUNT, CLARK, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., and RILEY, J., absent.

Note.—See under (1) anno. L. R. A. 1916A, 215; L. R. A. 1917D, 89; 7 A. L. R. 1305; 28 R. C. L. p. 755; 3 R. C. L. Supp. p. 1592; 4 R. C. L. Supp. p. 1845; 5 R. C. L. Supp. p. 1560; 6 R. C. L. Supp. p. 1747; 7 R. C. L. Supp. p. 1000. (2) anno. 8 A. L. R. 1324; 24 A. L. R. 1466; 28 R. C. L. p. 819; 3 R. C. L. Supp. p. 1598; 5 R. C. L. Supp. p. 1577. See Workmen's Compensation Acts— C. J. §34, p. 40, n. 95; §87, p. 96, n. 15; §89, p. 96, n. 22; §90, p. 97, n. 34.