## CAPITOL DRILLING CO. et al. v. COLE et al.

No. 21110. Opinion Filed May 27, 1930.

Owen & Looney, J. Fred Swanson, and Paul N. Lindsey, for petitioners.

J. Z. Werby, for respondents.

HEFNER, J. This is an original proceeding to review an award of the State Indus-

trial Commission in which the Commission found that R. E. Cole, one of the respondents, had sustained a 55 per cent. loss of the use or sight of both eyes. It found that he had sustained a 100 per cent. loss of the use or sight of his left eye and a 10 per cent. loss of the use or sight of his right eye, and considering the two together arrived at the conclusion that he was entitled to compensation for 55 per cent. loss of the use or sight of both eyes. In other words, that he was entitled to 55 per cent. of permanent total disability, and ordered the Capitol Drilling Company, or the insurance carrier, to pay claimant compensation at the rate of $18 per week for 275 weeks. It was further ordered that the claimant be paid $165 for temporary total disability.

It is contended that the order should be vacated for two reasons: First, because the Commission used the wrong method in computing the number of weeks of compensation in awarding the claimant 275 weeks for 55 per cent. of permanent total disability for the total loss of the left and 10 per cent. loss of the right eye, when the award should have been for 100 weeks for the total loss of the left eye and 10 weeks for the 10 per cent. loss of the right eye, or a total of 110 weeks; second, because there is no competent evidence to sustain the finding of the Commission that the claimant had sustained a 10 per cent. loss of the use or sight of the right eye.

Under the first proposition it is the contention of the petitioners that the award should have been made under subdivision 15 of subsection 3 of section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Sess. Laws 1923, as to the entire loss of the left eye, and under subdivision 17 of subsection 3 of said section as to the 10 per cent. loss of the sight or use of the right eye. The statutes under consideration herein have already been construed by this court in the case of Maryland Casualty Co. v. State Industrial Commission, 139 Okla. 302, 287 Pac. 282. In the 4th paragraph of the syllabus of that case it is said:

"Under the Workmen's Compensation Act, there is a specific provision for the loss of an eye and another for the loss of both eyes. An award for partial impairment of both eyes should be fixed from the latter provision, and not by taking the award for the total loss of one eye and adding it to the award for the partial impairment of the other eye."

The first contention made by the petitioners herein was decided against them in the above case. It is unnecessary for us to give further consideration herein to that contention.

The petitioners also urge that there is no competent evidence to sustain the findings of the Commission that claimant sustained a 10 per cent. loss of the sight or use of his right eye. This court is committed to the rule that it will not review the findings of fact of the Industrial Commission if there is any evidence tending to support it; yet, if it appears from the record that the award is wholly unsupported by any evidence, it will review the same. It then becomes our duty to review the evidence and determine whether or not there is any evidence tending to support the award of the Commission.

Dr. Westfall and Dr. Hicks testified, in substance, that the claimant had a 5 per cent. loss of vision in his right eye. They both testified that in their judgment this loss of vision did not arise from the loss of vision in the other eye. Dr. Beatty testified that the claimant had a 15 per cent. loss of vision in the right eye. He was asked whether or not the loss of vision was caused by the injury to the other eye. He answered that it was caused from a sympathetic condition. The claimant testified that he had about 20 or 25 per cent. loss of vision in the right eye. With the testimony of Dr. Beatty and the claimant in the record we cannot say there was no evidence to sustain the findings of the Commission that the claimant had sustained a 10 per cent. loss of the sight or use of his right eye. The prayer of the petitioners to vacate the award of the Commission is denied.

LESTER, V. C. J., and CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT and RILEY, JJ., absent.

Note.—See under (1) anno. 8 A. L. R. 1324; 24 A. L. R. 1466; 28 R. C. L. p. 819; R. C. L. Perm. Supp. p. 6242. (2) anno. L. R. A. 1916A, 178, 266; L. R. A. 1917D, 186; 30 A. L. R. 1277; 28 R. C. L. p. 829; R. C. L. Perm. Supp. p. 6254. Workmen's Compensation Acts—C. J. §90, p. 97, n. 34; §127, p. 122, n. 40.