## EMPLOYERS' LIABILITY ASSURANCE CORP. et al. v. GRANT et al.

No. 21521. Opinion Filed Jan. 27, 1931.

Rehearing Denied Feb. 17, 1931.

A. C. Sanders, for petitioners.

John W. McCuen, for respondents.

CLARK, V. C. J. This is an original action filed in this court to review a judgment and award of the State Industrial Commission, made and entered on the 14th day of June, 1930, wherein Albert G. Grant was awarded compensation for temporary total disability for a period of ten weeks at the rate of $13.85 per week, and also compensation for 20 per cent. permanent partial loss of the use of the right hand, for a period of 40 weeks, or the sum of $556. It is the contention of petitioners that the award for the loss of the use of the hand, to wit, 20 per cent., is not supported by any evidence, and therefore is invalid and should by this court be set aside.

Petitioners contend that the testimony of claimant was incompetent to prove the permanent partial loss of the use of the hand. The claimant testified that his hand was in such condition that he could not use it as he could before the accident. The hand was exhibited to the Commission and its condition was before the Commission for examination.

The testimony of the claimant was that he could not perform the character of work performed by him before the injury; that he had difficulty in picking up certain objects; that he was still working in the same employment that he was prior to the injury and was receiving the same salary, but that he could not do the heavy work that he did prior to the injury; that he had lost 25 per cent. of the use of the hand, and that the same was permanent.

The only testimony introduced before the Industrial Commission was the testimony of respondent, claimant below.

Petitioners cite the cases of Oklahoma Hospital v. Brown, 87 Okla. 46, 208 Pac. 785, Novak v. Miller, 97 Okla. 144, 223 Pac. 155, and Midland Valley Ry. Co. v. Gibson, 94 Okla. 193, 221 Pac. 100. In Shawnee-Tecumseh Traction Co v. Griggs, 50 Okla. 566, 151 Pac. 230, it was held:

"It is not competent for a party who as a witness testifies to his pains, to state his opinion, that the injuries which caused the same are permanent."

It is also contended that claimant below should present proof by expert witnesses as to whether or not the injuries are incurable. Petitioners cite the case of International Coal & Mining Co. v. Nicholas, 293 Ill. 524, 127 N. E. 703, in their brief. The 11th paragraph of the syllabus reads as follows:

"A witness cannot give his opinion as to the percentage of loss of use of an injured member of an employee's body, as a basis for compensation under the Workmen's Compensation Act, since such ultimate facts must be found by the Commission."

We agree that this is the correct law. The testimony of claimant in this case gave the condition of his hand and same was exhibited to the Commission, and the Commission found the ultimate facts to be that he had lost 20 per cent. of the use of the hand. As a rule, witnesses must state the facts and not draw conclusions or give opinions, except, of course, expert witnesses

who give opinions in regard to facts which come within their knowledge or experience. It is the duty of the Industrial Commission to draw conclusions from the evidence and form opinions and judgments upon the facts proven.

The petitioners at the time the testimony was offered did not object on the ground that the witness was incompetent. There is nothing in the record to show that the witness was incompetent to testify, and we cannot assume that he was, as to the facts related by the witness; and said objection not being made before the Industrial Commission, it cannot be raised for the first time in this court on review. In this case the claimant knew the condition of his hand, and from the facts introduced the Commission reached the ultimate conclusion that the claimant had lost 20 per cent. of the use of the left hand.

This testimony was admitted without objection as to the competency of the witness. We think the evidence sufficient to support the judgment and award, and the same is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.

Note.—See under (1) 28 R. C. L. p. 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Continuing Perm. Supp. p. 1211.