## ATLANTIC OIL PRODUCING CO. v. HOUSTON et al.

No. 22026.    Opinion Filed April 14, 1931.

T. R. Freeman and Hagan & Gavin, for petitioner.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

ANDREWS, J.  This is an original proceeding to review an award of the State Industrial Commission in favor of the claimant therein, respondent herein.

It is admitted that the respondent, while in the employ of the petitioner, received an accidental personal injury arising out of and in the course of his employment which resulted in the total and permanent loss of his left eye, the eye being removed in the course of treatment. Temporary total disability was shown, and there is no question raised as to the award therefor.

The State Industrial Commission found and made an award for total permanent disability of the left eye and partial permanent disability of the right eye to the extent of 5 per cent. It added the 100 per cent. and the 5 per cent. and divided the total by two and fixed the amount of the award at 52½ per cent. of 500 weeks.

The petitioner complains of the award and says that there is no competent evidence reasonably tending to show any disability to the right eye arising out of and in the course of the employment; that the disability to the right eye is not the result of the injury or the effect thereof, and that, if the disability to the right eye is the effect of the injury to the left eye, the computation of the award should be on the basis of 100 weeks for each eye rather than for 500 weeks for both eyes, as determined by the Commission.

In support of the contention that there is no evidence reasonably tending to show any disability to the right eye arising out of and in the course of the employment of respondent, the petitioner says that the only evidence thereof came from the respondent and that he is not a competent or qualified witness either as to the disability to the right eye or the cause thereof. Decisions of this court are cited in support thereof. Petitioner, however, overlooks the fact that that evidence was offered and received without objection either as to the competency of the witness or of the testimony. Having been so received, the objection cannot be made for the first time in this court. Employers' Liability Assurance Corporation v. Grant, 147 Okla. 177, 296 Pac. 389. The respondent testified that after the injury to the left eye his vision in the right eye was such that he could read everything on the examiner's chart and that he now cannot read a newspaper without glasses. That evidence, under the rule cited, is such that this court cannot say that there is no competent evidence reasonably tending to show that the disability to the right eye resulted proximately from the injury to, or the removal of, the left eye. That portion of the award must therefore be approved. Transcontinental Oil Co. v. Eoff, 126 Okla. 91, 258 Pac. 743

The computation made by the Commission was in accord with the rule announced in Maryland Casualty Co. v. State Industrial Commission, 139 Okla. 302, 282 Pac. 293, and followed in Capitol Drilling Co. v. Cole, 143 Okla. 279, 288 Pac. 473. A doctor testified that the loss of vision in the right eye was "About five per cent. or less." He said: "We treated him with the idea of preventing infection, which we were unable to do." Another doctor testified that "If it has that special form of infection, you must remove it before it is infected." The eye was removed. Theretofore respondent had not worn glasses. The doctor who removed the eye directed the wearing of glasses. On the record, under the former

decisions of this court, we find no error, and the award of the State Industrial Commission is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and HEFNER, J., absent.