## GENE BUTLER WELDING & BOILER WORKS et al. v. BRAZIER et al.

No. 22078. Opinion Filed Sept. 29, 1931.

Hal Crouch (Philip N. Landa, on the brief), for petitioners.

Leo J. Williams and M. J. Parmenter, for respondent F. A. Brazier.

CULLISON, J. This is an original proceeding in the Supreme Court to review an award of the State Industrial Commission rendered on January 10, 1931, in favor of F. A. Brazier. Respondent was in the employ of petitioner, and while so working received an accidental injury on June 16, 1930. Respondent was using an electric welder and received burns, injuring both eyes. The Commission heard the case and found that respondent was injured on June 16, 1930, while engaged in a hazardous occupation, and that as a result of said injury he was totally disabled from the date of the accident to December 4, 1930, and that he had a permanent loss of vision to each of his eyes of 51.1 per cent. The Commission awarded compensation at the rate of $17.31 per week from the date of the accident to December 4, 1930, and also compensation from December 4, 1930, until a total of 255 weeks shall have been paid claimant for the 51.1 per cent. permanent loss of vision to each of his eyes, and provided for a lump sum settlement of a portion of the award for the eye injury. Petitioner urges as error that the Industrial Commission erred in awarding compensation for partial permanent dis-

ability computed and based upon compensation for total permanent disability. The schedules of compensation to be paid for injuries arising under the Workmen's Compensation Law are set out in section 7290, C. O. S. 1921, as amended by Laws 1923, c. 61, s. 6:

"Section 7290. The following schedule of compensation is hereby established:

"(1) Permanent Total Disability: In case of total disability adjudged to be permanent, sixty-six and two-thirds per centum of the average weekly wages shall be paid to the employee during the continuance of such total disability not exceeding 500 weeks; loss of both hands, or both feet, or both legs, or both eyes, or any two thereof, shall, in the absence of conclusive proof to the contrary, constitute permanent total disability. In all other cases permanent total disability shall be determined in accordance with the facts. * * *

"(2) Permanent Partial Disability: In case of disability, partial in character but permanent in quality, the compensation shall be sixty-six and two-thirds per centum of the average weekly wages, and shall be paid to the employee for the period named in the schedule as follows: * * *

"(3) Other Cases: In this class of disabilities the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise payable during the continuance of such partial disability, not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon the application of any party in interest. * * *"

We have just set out the sections of the law relevant to this discussion. Subdivision 1 provides for permanent total disability. The section also sets out and designates that the loss of both hands or both feet or both eyes or any two thereof shall, in the absence of conclusive proof to the contrary, constitute permanent total disability. Subdivision 3 covers cases that are permanent in the character of the disability, but partial in the extent of the disability. This subdivision covers a number of specific injuries and sets out the amount of compensation to be paid for each specific injury. It provides that 100 weeks' compensation shall be paid for the loss of an eye, but the paragraph relative to eye injury does not provide for injury to both eyes. The last paragraph of subdivision 3 is designated as "Other Cases." This paragraph provides that in this class of disabilities compensation shall be 66⅔ per centum of the difference between his average weekly wage and his wage-earning capacity thereafter * * * not to exceed 300 weeks. * * *"

The award as made by the Commission was made under subdivision 1, "Permanent Total Disability," on a basis of 500 weeks. Petitioner contends that the award to respondent should have been made under the last paragraph of subdivision 3, "Permanent Partial Disability." The award shows that respondent is not totally disabled, but that the disability is only partial. Respondent has a loss of 51.1 per cent. of his eyesight. The proposition as advanced by petitioner has been passed upon by this court numerous times, wherein this court held contrary to petitioner's contention. In the case of Maryland Casualty Co. v. State Industrial Commission, 139 Okla. 302, 282 P. 293, the court held (syl. 4):

"Under the Workmen's Compensation Act, there is a specific provision for the loss of an eye and another for the loss of both eyes. An award for partial impairment of both eyes should be fixed from the latter provision, and not by taking the award for the total loss of one eye and adding it to the award for the partial impairment of the other eye."

This decision has been approved and followed in Capitol Drilling Co. v. Cole, 143 Okla. 279, 288 Pac. 473, Atlantic Oil Producing Co. v. Houston, 148 Okla. 197, 298 P. 245, and Oklahoma City v. State Industrial Commission, 147 Okla. 261, 303, 298 P. 577. All of the above cited decisions of this court hold that where there is a partial loss of vision of both eyes, the computation of the amount of disability shall be computed under paragraph 1 of section 7290, C. O. S. 1921, and said decisions are conclusive of the question presented by petitioner in his brief.

We therefore hold that the petition to vacate the award should be denied, and the award is affirmed.

RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and ANDREWS, J., absent.

Note.—See under (1) annotation in 24 A. L. R. 1466; 67 A. L. R. 802, 28 R. C. L. 820, 821; R. C. L. Perm. Supp. p. 6243.