## MANAHAN DRILLING CO. et al. v. BAZZEL et al.

No. 22315. Opinion Filed Nov. 3, 1931.

Keaton, Wells, Johnston & Barnes, and B. C. Davidson, for petitioners.

Emerson & Duncan, for respondent.

HEFNER, J. This is a proceeding in this court by Manahan Drilling Company and the Travelers Insurance Company to review an award of the Industrial Commission awarding compensation to Chester L. Bazzel.

Claimant contends that he sustained an injury to both eyes while in the employ of petitioner, Manahan Drilling Company. The Commission found in favor of claimant, and further found that while engaged in the course of and growing out of his employment he sustained an injury to both eyes which resulted in a 100 per cent. loss of vision of the right eye and a 20 per cent. loss of vision of the left eye, and concluded that claimant sustained a 60% loss of vision

of both eyes and awarded him compensation at the rate of $18 per week for 300 weeks, or a total sum of $5,400, and ordered payment thereof in a lump sum.

Petitioners concede that the claimant received an injury as contended, and further concede that as a result thereof he sustained a total loss of vision of the right eye, but contend the evidence does not sustain the finding of the Commission that the loss of vision of the left eye resulted from the injury. The evidence is conclusive that claimant's vision in his left eye is to a certain degree impaired. Doctors Westfall and McGee, who testified in behalf of petitioner, stated that claimant has sustained a 20 per cent. loss of vision in that eye and that this condition is probably permanent. They, however, further testified that in their opinion the condition of claimant's left eye was not due to an injury and that the condition of that eye is not due to the injury to the right eye. Doctor Guthrie testified that claimant was totally blind in his right eye and has also sustained a 20 per cent. loss of vision of the left eye, and also testified that in his opinion the condition of both eyes is probably due to the injury complained of.

Claimant testified that the accident happened while he was engaged in hauling mud from one pit to another. He had an oil tank back of his truck and struck a match to see how full the tank was, which caused an explosion and resulted in the burning of his face, neck, ears, and eyes. That prior to the injury both his eyes were normal and that since the injury he has been practically blind in the right eye and unable to see well out of his left eye. The doctors who testified on behalf of petitioners were unable to account for the condition of claimant's left eye and were unable to give any reason therefor. Since it is established that prior to the injury claimant's left eye was normal and that since said time he has sustained a 20 per cent. loss of vision thereto, and since no other reason except the injury received is assigned therefor, and under the evidence of Dr. Guthrie, the Commission was justified in finding that the loss of vision to that eye resulted from the injury sustained by him.

Petitioners further contend that the Commission, in awarding compensation, used the wrong method of computation. The evidence establishes that at the time of the injury claimant's average wage was $5 per day and that he sustained a 100 per cent. loss of vision of the right eye and a 20 per cent. loss of vision of the left eye. From these facts the Commission concluded that claimant sustained a 60 per cent. loss of vision of both eyes and awarded compensation at the rate of $18 per week for 300 weeks. This method of computation was sustained by this court in the following cases: Maryland Cas. Co. v. State Ind. Com., 139 Okla. 302, 282 P. 293; Capitol Drilling Co. v. Cole, 143 Okla. 279, 288 P. 473; Cortex Drilling Co. v. Henning, 149 Okla. 72, 299 P. 214; Loffland Bros. Co. v. Bonner, 152 Okla. 50, 3 P. (2d) 660; Gene Butler Welding & Boiler Works v. Brazier, 151 Okla. 222, 3 P. (2d) 430. Under these authorities the award in this respect must be sustained.

The Commission further ordered that the award be paid in a lump sum. This portion of the award is challenged on the ground that no finding of fact is made which authorizes a lump sum award, that no notice or opportunity to be heard was given petitioners, and that the Commission allowed no discount for immediate payment. A lump sum award is authorized by section 7299, C. O. S. 1921. The statute in part provides:

" * * * But the Commission may determine that all payment or payments may be made monthly or at any other period, as it may deem advisable. The Commission, whenever it shall so deem advisable. may commute such periodical payments to one or more lump sum payments, provided the same shall be in the interest of justice."

It will be observed that the statute does not require an application on behalf of claimant, nor does it require notice to the employer or insurance carrier of such application, where jurisdiction over the parties has been acquired, in order to confer jurisdiction upon the Commission to make such award. Neither does the statute require that the Commission state in writing its reasons for making such award. The only statutory limitation upon the power of the Commission to make a lump sum award is that such award must be in the interest of justice. As to whether or not it be in the interest of justice to make such award is a matter to be determined by the Commission. This matter is addressed to its sound discretion, and this court upon petition to review will not set aside the order in this respect unless an abuse of discretion is so clearly shown that it can be said that the Commission erred as a matter of law in making such award.

Petitioners fail to point out wherein the award in this respect violates the statute. A lump sum award under circumstances similar to the circumstances in the case at bar was sustained by this court in the case of Asplund Construction Co. v. Williams, 150 Okla. 10, 300 P. 755. There it is said:

"Under section 7299, C. O. S. 1921, the

State Industrial Commission has jurisdiction to commute periodical payments to a lump sum when deemed advisable and in the interest of justice without notice to the employer or insurance carrier, where the Commission has acquired original jurisdiction of the parties. In such case it is not necessary that a formal written motion for this purpose be filed by claimant, nor is it essential, in order to authorize the award, that direct evidence be offered showing the life expectancy of claimant."

Under this authority the award in this respect must be sustained.

The contention of petitioners that the lump sum award is erroneous because it makes no provision for a discount has been decided against them in the case of Okmulgee Democrat Pub. Co. v. State Ind. Com., 86 Okla. 62, 206 P. 249. It is there said:

"That part of section 15, art. 2, of the Workmen's Compensation Act which provides that the Commission may commute periodical payments to a lump sum does not require the Commission to make the gross sum allowed lighter or less in amount than the sum of the periodical payments to which the claimant would be entitled."

Following the rules announced in the above authorities, the petition to vacate is denied.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (1) annotation in 8 A. L. R. 1324; 24 A. L. R. 1466; 67 A. L. R. 802. (2) annotation in L. R. A. 1917A, 172, 262; L. R. A. 1917D, 179; 28 R. C. L. 823, 824; R. C. L. Perm. Supp. p. 6247; R. C. L. Pocket Part, title "Workmen's Compensation," § 111. (5) annotation in L. R. A. 1917A, 266; 58 A. L. R. 1382; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254,; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.