## OLSON DRILLING CO. et al. v. GOODWIN et al.

No. 22382. Opinion Filed Nov. 10, 1931.

Keaton, Wells, Johnston & Barnes and B. C. Davidson, for petitioners.

Emerson & Duncan, for respondents.

HEFNER, J. This is an original proceeding in this court by Olson Drilling Company and the Travelers Insurance Company, its insurance carrier, to review an award of the Industrial Commission awarding compensation to J. R. Goodwin. The Commission made the following findings of fact:

"That on June 15, 1930, the claimant, J. R. Goodwin, was in the employ of respondent Olson Drilling Company and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law; that arising out of and in the course of his employment with respondent herein claimant sustained an accidental personal injury on June 15, 1930, by gas connection blowing up when he was breaking a 2 to 1 swedge on a gas line, the gas breaking out and setting on fire by a torch held by another workman; burning face, right side, back and chest.

"That as a result of said aforementioned accidental injury, claimant has a permanent partial disability to the extent of 40 per cent. in both eyes as loss of vision.

"That the average daily wage of claimant at the time of the injury was $6.50."

Based on these findings compensation was awarded claimant at the rate of $18 per week for 200 weeks, or a total sum of $3,600.

Petitioners contend that the evidence is insufficient to sustain the finding of the Commission that the condition of claimant's eyes resulted from the injury complained of. There is no conflict in the evidence relative to the loss of vision. The conflict only arises as to the cause thereof. On this question claimant, in substance, testified as follows:

On June 15, 1930, while engaged in the employ of petitioner, Olson Drilling Company, he sustained injuries to his face, right side, back, and eyes. That the injury occurred while he was attempting to fix and test out a gas pipe. That there was an explosion followed by fire which caused the burning of his eyes, face, and back. He further testified that his eyesight was normal prior to the injury and that since the injury he cannot see well out of either eye.

Dr. Guthrie testified as follows:

"Q. From the history and your examinations, what was your conclusions as to the cause of the loss of vision, Doctor? A. Taking the history into consideration, if he had no defect in vision, no diseased condition of his eyes previous to the injury, I can't see any other cause for it. I had to attribute it to the injury. Q. Under the history and examinations then as you have it, you would say it was caused from the injury? A. Yes, sir."

There is expert evidence to the effect that claimant's loss of vision was not caused by the accident, but in our opinion the evidence of claimant and Dr. Guthrie is sufficient to support the finding of the Commission in this respect.

Petitioners further contend that the Commission used the wrong method in computing

compensation. The Commission in this respect followed the rule announced by this court in the case of Maryland Casualty Co. v. State Industrial Commission, 139 Okla. 302, 282 P. 293. It is there said:

"Under the Workmen's Compensation Act there is a specific provision for the loss of an eye, and another for the loss of both eyes, and an award for partial impairment of both eyes should be fixed from the latter provision and not by taking the award for the total loss of one eye and adding to it the award for the partial impairment of the other eye."

The rule therein announced has been repeatedly followed and approved by this court. The Commission did not err in its method of computation.

Petition to vacate is denied.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. SWINDALL, J., absent.

Note.—See under (1) annotation in 8 A. L. R. 1324; 24 A. L. R. 1466; 67 A. L. R. 802; 28 R. C. L. 820, 821; R. C. L. Perm. Supp. p. 6243; R. C. L. Pocket Part, title Workmen's Compensation, § 106. (2) annotation in L. R. A. 1916A, 266; 58 A. L. R. 1382; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116.