## MID-KANSAS OIL & GAS CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 21150. Opinion Filed Nov. 17, 1931.

Original action in the Supreme Court by the Mid-Kansas Oil & Gas Company to review an award of the State Industrial Commission in favor of Thomas R. Martin.

A. M. Gee, for petitioner.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

CLARK, V. C. J. This is an original action filed in this court by petitioners to review an award of the State Industrial Commission, made and entered on the 10th day of February, 1930, in favor of Thomas R. Martin, wherein the said Martin was awarded 40 weeks' compensation for loss of vision to the right eye and five weeks' compensation for loss of vision to the left eye.

Petitioners contend that the testimony is insufficient to support the award and that the award is contrary to law. The evidence is conflicting; there is some testimony to the effect that prior to the present injury complained of respondent Martin had an injury to his eyes; however, there is testimony that he recovered from the effects of this injury. The respondent, before the Industrial Commission, alleged that his eyes were injured by hot oil splashing into them, which injury resulted in a permanent partial disability.

Employee's first notice of injury recites: Cause of accident, "oil out of clutch in eye." Nature and extent of injury, weakened condition of eyes.

It is contended by petitioners that there is no testimony of any injury to the right eye.

Respondent testified that he has never been bothered with his eyes prior to this injury. That he did not know what the per cent. of vision was; that he knew his left eye was better than his right eye.

Dr. G. E. Harbison testified that respondent had 50 per cent. loss of vision of the right eye. The testimony throughout was conflicting, and we are of the opinion that the Industrial Commission should take into consideration the condition of respondent's eyes prior to the injury complained of in determining the amount of compensation due the respondent.

The award is contrary to law in this, the second finding of the Industrial Commission is as follows:

"Arising out of and in the course of his employment, claimant, on February 15, 1929, sustained an accidental personal injury which resulted in 40 per cent. loss of vision to claimant's right eye; and the loss of 5 per cent. to the left eye"

—and the award was for 50 weeks for disability to the right eye and five weeks' disability to the left eye.

Where both eyes are injured, the amount of the award should not be computed on the maximum basis of 100 weeks, but should be computed on the maximum basis of 500 weeks.

This court, in Maryland Casualty Co. v. State Industrial Commission, 139 Okla. 302, 282 P. 293, in the second paragraph of the syllabus says:

"Under the provisions of the Workmen's Compensation Act, section 7290, C. O. S. 1921, as amended by Session Laws 1923, c. 61, sec. 6, a workman who loses both eyes in an accident arising out of his employment is entitled to recover two-thirds of his weekly wages for 500 weeks; and such workman is entitled to like compensation for 100 weeks for the loss of one eye. For the permanent partial loss of sight of an eye, compensation shall be paid during that portion of the number of weeks provided for the total loss of such sight which the partial loss thereof bears to the total."

This holding was followed in Capitol Drilling Co. v. Cole, 143 Okla. 279, 288 P. 473; also, Atlantic Oil Producing Co. v. Houston, 148 Okla. 197, 298 P. 245.

As this cause must go back to the Industrial Commission to correct the award, we will not at this time pass upon other errors presented, for the reason, under the Industrial Law, if there is a change of condition, more than a year having elapsed since the last award was made, the Industrial Commission would have jurisdiction to consider said change in condition in arriving at its award.

The award of the Industrial Commission is reversed, with directions to grant a new trial in this cause and hear and determine the rights of petitioners and respondents.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY and ANDREWS, JJ., absent.

Note.—See under (1) annotation in 8 A. L. R. 1324; 24 A. L. R. 1466; 67 A. L. R.

802; 28 R. C. L. 820, 821; R. C. L. Perm. Supp. p. 6243; R. C. L. Pocket Part, title "Workmen's Compensation, § 106.