## OKLAHOMA PORTLAND CEMENT CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 23052. Opinion Filed June 14, 1932.

Petition for Rehearing Withdrawn July 27, 1932.

Hatcher & Kice, for petitioner.

Bruno Mayer, H. M. Shirley, and Robert D. Crowe, Asst. Atty. Gen., for respondents.

RILEY, J. On November 20, 1929, B. H. Holcum was employed by petitioner in its plant at Ada. On that date he was engaged in removing a belt and replacing a conveyor of lightning cement. The room was over 100° in temperature. Though employed by petitioner for ten years Holcum had never before had direct contact with lightning cement or suffered any skin ailment. The heat caused Holcum to perspire; the lightning cement settled upon portions of his body; he experienced burning and itching sensations at the time. Places of contact upon Holcum's body reddened immediately and by the following morning broke out in running sores, and September 14, 1930, the workman, according to undenied expert testimony, was permanently disabled.

The petitioner has furnished the workman a great deal of medical attention. Likewise compensation was paid until January 30, 1931, when the workman was advised that the employer had done all it could and it offered $250, in complete settlement. On July 7, 1931, the Commission awarded Holcum a temporary total disability and further medical treatment. On October 17, 1931, as a result of a hearing before the en-

tire Commission, the following order was entered:

"* * * Claimant's wage-earning capacity, in the same employment, or otherwise, had decreased 50 per centum by reason of his permanent partial disability."

It is contended that there was no evidence introduced to authorize the award and that the disability of claimant was not the result of an accidental personal injury.

There is no serious contention that claimant is not disabled. The theory of the employer is that the disability was not shown to be the result of an accidental personal injury, and that in order to show that the affliction of claimant was the result of the effects of contact with lightning cement, skilled professional testimony is required. There is no contention that claimant is suffering from an occupational disease. The expert testimony is that the ailment is not an occupational disease. The established fact is that the condition came upon claimant suddenly and within a few hours after his first contact with the lightning cement.

The undisputed testimony of claimant is to the effect that he was working in a hot room where he was burned and scalded on his wrists, ankles and neck as a result of contact with the lightning cement; that the result of such contact was unexpected, undesigned, and unforeseen by him. He testified that the cement caused immediate irritation, a breaking out and infection. The doctors testify that every time claimant exerts himself the irritation and swelling becomes so aggravated that the claimant cannot work.

No proper objection was made to claimant's competency as a witness and the question cannot be raised at this time. Employer's Liability Assur. Corp. v. Grant, 147 Okla. 177, 296 P. 389; Atl. Oil Pro. Co. v. Houston, 148 Okla. 197, 298 P. 245; Hazel Atlas Glass Co. v. Pendegrass, 152 Okla. 271, 4 P. (2d) 96.

The circumstance delineated by claimant relative to his breaking out with a severe and painful skin ailment at the time of contact with lightning cement, which cement is shown by the evidence to be more of an irritant than the ordinary commodity, and under the conditions of work in a heated room, and the fact that never before did claimant, to his knowledge, suffer such an ailment, and the fact that various doctors for the employer over a long period of time diagnosed claimant's condition and none of them could ascribe anything other than con-

tact with lightning cement as the cause of disability, incline us to the view that the State Industrial Commission was justified in concluding that contact with this substance was the cause of the disability, and this conclusion is inevitably correct in view of claimant's testimony descriptive of immediate results from exposure to hazards peculiar to industry.

Likewise it is our view that where an employee is engaged in labor of removing or replacing machinery and an irritating substance falls upon exposed parts of his body resulting in scalds, irritation, burns, and infection, and such result is unforeseen and unexpected by the employee, the incident is an accident.

The award is sustained.

HEFNER, SWINDALL, ANDREWS, Mc-NEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.