HUBBARD DRILLING CO. et al. v. MOORE et al.

No. 23322. Opinion Filed June 28, 1932.

Frank E. Lee and Jas. C. Cheek, for petitioners.

Ben C. Arnold, for respondent I. S. Moore.

CULLISON, J. This is an original proceeding in this court to review an order and award of the State Industrial Commission made and entered in favor of I. S. Moore on December 29, 1931, in cause No. A-64912, then pending before the Commission.

The record discloses that claimant sustained an injury to his left eye on June 12, 1931, while in the employment of the Hubbard Drilling Company, one of the petitioners herein.

This cause before the Commission was one of three causes involving the same parties, by reason of alleged injuries to claimant's eyes during the last year of claimant's employment by the Hubbard Drilling Company, namely, on August 1, 1930, November 11, 1930, and on June 12, 1931. At the conclusion of the hearings had in these different causes, the same being tried without consolidation, the Commission entered its respective orders on December 29, 1931. The order in cause No. A-64914 awarded claimant 100 weeks' compensation at $18 per week for the loss of his right eye, which said order has this day, upon review by this court. been affirmed, in case No. 23321, Hubbard Drilling Company and Commercial Casualty Insurance Company v. I. S. Moore and the State Industrial Commission, 158 Okla. 130, 12 P. (2d) 897.

On December 29, 1931, the Commission entered its order in the case at bar (Commission case No. A-64912), awarding claimant compensation for the temporary total disability sustained by claimant by reason of the injury to his left eye of June 12, 1931, as well as the resultant 50 per cent. permanent partial disability thereto.

By reason of the Commission's award in cause No. A-64914 between the same parties, giving compensation for claimant's loss of right eye, the method of calculating the award for claimant's injury to his left eye in cause No. A-64912 made it necessary that said award be referred to in the award made in the case at bar.

The award which is made the subject of this proceeding to review, omitting the caption, is as follows:

"Order.

"Now, on this the 29th day of December, 1931, the State Industrial Commission being regularly in session, this cause came on for consideration pursuant to a hearing had at Oklahoma City, Okla., on the 9th day of October, 1931, before Thomas H. Doyle, chairman, and on the 16th day of November, 1931, before Inspector W. A. McInnes, duly assigned to hear said cause, said cause coming on for hearing to determine the liability and extent of disability, and the claimant appearing in person and by his attorney, Ben C. Arnold, and the respondent and insurance carrier being represented by A. C. Crow and Hal Crouch.

"And the Commission, after reviewing the testimony taken at said hearings, and all the records on file, and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"(1) That on the 12th day of June, 1931, claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date, he sustained an accidental injury, arising out of and in the course of his employment by receiving an injury to his left eye.

"(2) That the average daily wage of the claimant at the time of the accidental injury was $7 per day.

"(3) That by reason of said accidental injury, the claimant was temporarily totally disabled from performance of ordinary manual labor from the 12th day of June, 1931, to the 3rd day of September, 1931, or 11 weeks and 2 days beyond the five-day waiting period.

"(4) That the respondent had actual and written notice of said accidental injury within 30 days of the date of said accidental injury.

"(5) That prior to said accidental injury, and on the 11th day of November,

**134**

1930, the claimant suffered an accidental injury while in the employment of this respondent, and as a result of said accidental injury claimant suffered the permanent loss of use of his right eye for which he was awarded compensation for 100 weeks at the rate of $18 per week, or $1,800.

"(6) That as a result of the accidental injury of June 12, 1931, the claimant sustained a 50 per cent. permanent loss of use of the left eye.

"(7) That the insurance carrier herein, Commercial Casualty Insurance Company, was the insurance carrier at the time of the prior injury of November 11, 1930.

"The Commission is of the opinion, by reason of the foregoing facts, that the claimant has sustained a 75 per cent. permanent loss of vision to his eyes due to said accidental injuries of November 11, 1930, and June 12, 1931, and that claimant is entitled to 375 weeks' compensation at the rate of $18 per week, due to said accidental injuries of November 11, 1930, and June 12, 1931, or claimant is entitled to compensation in the sum of $4,950, or 275 weeks at the rate of $18 per week, due to the accidental injury of June 12, 1931. The Commission is of the further opinion that claimant is entitled to 11 weeks and two days' compensation at the rate of $18 per week, or a total sum of $204 during the time of his temporary total disability, due to said accidental injury. The temporary total compensation herein awarded to be computed from date of the last payment of permanent partial compensation due to the accidental injury of November 11, 1930, and the compensation due to the permanent partial disability on account of the injury of June 12, 1931, awarded herein, to be computed from the date of the last payment of temporary total compensation as awarded herein.

"It is therefore ordered that the respondent or its insurance carrier pay to the claimant the sum of $4,950, or 275 weeks' compensation at the rate of $18 per week on account of 75 per cent. loss of vision to claimant's eyes due to the accidental injury of November 11, 1930, and accidental injury of June 12, 1931, which sum is in addition to the sum of $1,800 or 100 weeks' compensation at the rate of $18 per week due to the loss of the right eye due to the accidental injury of November 11, 1930, and the further sum of $204, or 11 weeks and two days' temporary total disability compensation due to said accidental injury of June 12, 1931, making a total of $5,154 or 286 weeks and two days' compensation for temporary total and permanent partial disability due to the accidental injury of June 12, 1931, said sum to be computed and payable at the rate of $18 per week from the date of the last payment of compensation due to his permanent partial disability, on account of the injury of November

11, 1930, and pay all medical and hospital bills incurred by reason of said accidental injury.

"It is further ordered that within 30 days from the date hereof, the respondent or its insurance carrier herein file with the Commission receipts or other proper evidence showing the compliance with the terms hereof.

"Order and opinion by Thomas H. Doyle. Mat McElroy, Commissioner, concurring, Fred H. Fannin, Commissioner, concurring."

Petitioners complain of 12 errors of the State Industrial Commission, but state that they believe said errors may be fully and intelligently presented under two propositions, the first of which is:

"First Proposition.

"That the '5th' finding of fact of the Commission is not supported by the evidence, is contrary to the evidence, is contrary to law, and is improperly included in this cause."

We observe that the "5th" finding of fact in the award under consideration, supra, has not only been adjudicated once in this court (Supreme Court No. 23321) but, by stipulation between the parties as to the evidence, said finding is supported by almost identically the same evidence in the record as was before the Commission in its cause No. A-64914, and upon which the award and its affirmance by this court was based.

Petitioners cite no authority in support of that portion of their first proposition that: "The '5th' finding of fact * * * is improperly included in this cause," but dispose of this contention in the following words:

"It is our contention that inasmuch as the claimant had suffered a prior injury to his right eye for which the Commission had made an award for total permanent loss of the use of the right eye, the Commission had no authority in law to consider the loss of use of the right eye in the instant cause, which involves a claim for partial loss of use of the left eye, on account of an accident which happened at an entirely different time. In other words, in the instant cause, the Commission's finding of fact '6th,' that as a result of the accidental injury of June 12, 1931, the claimant sustained a 50 per cent. permanent loss of use of his left eye necessarily and as a matter of law limits the amount for which the Commission could make its award in this case to 50 weeks' compensation for permanent partial loss of use of the left eye, plus eleven weeks' and two days' temporary total disability, which the Commission found in its finding of fact '3rd,' the claimant suffered on account of said injury of June 12, 1931."

We think the question of the Commission's authority in law to consider the loss of use

of the right eye in the instant case, having to do with the subsequent injury to his left eye, has been settled by this court adversely to the contention of petitioners.

In the case of Maryland Casualty Co. v. State Industrial Commission, 139 Okla. 302, 282 P. 293, this court said, at page 303 of the opinion:

. "This court had a somewhat similar question before it in the case of Nease v. Hughes Stone Co., 114 Okla. 170, 244 P. 778, wherein an employee who had previously lost sight of his left eye, received an injury, in the course of. his employment, destroying his right eye, thereby leaving him permanently and totally disabled. The contention was made that the claimant was only entitled to compensation for the loss of one eye. The opinion of Mr. Justice Clark calls attention to the two lines of authorities in other states, and follows the majority rule, which is supported by the better reasoning, and holds that the claimant was entitled to compensation for permanent total disability to the same extent as if he had lost both eyes in said accident."

Petitioners next contend:

"Second Proposition.
"If the award of the Commission is not wholly void, as the employer and insurance carrier contend it is, then the largest amount for which the Commission could have made an award under the evidence in this case is $1,104, being for eleven weeks' and two days' temporary total disability and 50 weeks for '50 per cent. permanent partial loss of vision of claimant's left eye."

Petitioners contend that the award in the case at bar should have been based solely upon the sixth finding of fact, supra, having reference to the injury to claimant's left eye on June 12, 1931.

The statutes to be applied in determining this contention have already been construed against petitioners by this court in the Maryland Casualty Company Case, supra, in the fourth paragraph of the syllabus of which it was said:

"Under the Workmen's Compensation Act, there is a specific provision for the loss of an eye and another for the loss of both eyes. An award for partial impairment of both eyes should be fixed from the latter provision, and not by taking the award for the total loss of one eye and adding it to the award for the partial impairment of the other eye."

It is unnecessary for us to. give further consideration herein to this contention.

The award is affirmed.

HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.