## BRISCOE CONST. CO et al. v. LISTERMAN et al.

No. 23665. Opinion Filed March 28, 1933.

Frank E. Lee and Jas. C. Cheek, for petitioners.

Fred M. Hammer and M. J. Parmenter, for respondents.

McNEILL, J. This is an original action to review an order and award of the State Industrial Commission entered on the 23rd day of April, 1932. Respondent was engaged in distributing supplies on a state highway project, and at the time of his injury was filling the gas tank of a truck with gasoline. The motor was running and the funnel through which he was pouring the gasoline was blown over by the wind, causing gasoline to splash on the engine and respondent. An explosion occurred. Respondent received burns to both of his legs from his ankles to the middle thighs. The index finger of his right hand was also burned.

The report of the initial payment of compensation was filed by the insurance company with the Commission on June 5, 1931. On December 7, 1931, respondent filed a motion for a hearing to determine the extent of disability, setting forth in said motion that respondent had received the accidental personal injury in question on May 11, 1931; that he had been paid compensation for temporary total disability to September 18, 1931; that since said time he had sustained a material and severe change in his condition; and that he now has considerable permanent disability. After a hearing the Commission entered its award on April 23, 1932, and, in part, found as follows:

"3. That by reason of said accidental injury the claimant was temporarily totally disabled from the performance of ordinary manual labor from May 11, 1931, to April 21, 1932, or 49 weeks and five days beyond the five days' waiting period.

"4. That by reason of said accidental injury the claimant sustained 50 per cent. permanent partial loss of the use of the left leg and ten per cent. permanent partial loss of the use of the right leg.

"5. That by reason of said accidental injury, the claimant also sustained 40 per cent. permanent partial loss of the index finger of the right hand."

The Commission made its award for compensation for said temporary total disability, and for said 40 per cent. partial loss of use of index finger. The basis of its computation for the award of 50 per cent. perma-

nent partial loss of the use of the left leg and of ten per cent. permanent loss of the use of the right leg, is set forth in said award as follows:

"The Commission is further of the opinion that under section 7290, par. 1, C. O. S. 1921, as amended by the Session Laws of 1923, the loss of use of two members constitutes permanent total disability, for which compensation is provided under the law for a period of 500 weeks; that under section 7290, subdivision 3, for percentage loss of use of two members, is provided for by that portion of the number of weeks as provided in the schedule for the loss of one member, which the partial loss of use thereof bears to the total loss of use of such member, that 50 per cent. permanent partial loss of the use of the left leg and ten per cent. permanent partial loss of the use of the right leg, would be equivalent to 30 per cent. loss of the use of both members, or 150 weeks, at the rate of $11.54 per week or $1,731."

Petitioners present their contentions under three propositions:

"1. The finding and award of the Commission awarding claimant 48 weeks and five days' compensation as temporary total disability is not sustained by any competent evidence and is contrary to law.

"2. If the Commission was justified under the evidence and under the law in awarding claimant for temporary total disability, then the Commission had no authority to award the claimant for permanent partial disability.

"3. The computation of the Commission's award upon a percentage of 500 weeks' disability is contrary to law; but, if justified under the law, then there should have been no award for permanent partial disability to claimant's finger."

Under petitioners' first proposition, it is urged that the Commission had no authority to make a finding for temporary total disability by reason of the fact that, at the hearing, counsel for respondent had stated to the chairman of the Commission that the temporary total disability had ceased and ended when the chairman was ascertaining the issues in the case. There is no basis for this contention. The Commission had never approved any agreement or made any award that the temporary total disability had ceased, and the statement of counsel and any agreement to that effect, not approved by the Commission, would not be binding on the respondent. It is the duty of the Commission to enter a proper award for disability in accordance with the facts and circumstances revealed by the evidence.

See Continental Oil Co. v. Hayes, 157 Okla. 142, 11 P. (2d) 470; Sinclair Oil & Gas Co. v. State Industrial Commission, 151 Okla. 228, 3 P. (2d) 438.

In the case of Hissom Drilling Co. v. Benson, 153 Okla. 157, 5 P. (2d) 393, wherein the injured employee testified that he was only able to do a little work at the time around the house and garden, this court said:

"The Supreme Court of Kansas, in discussing the phrase 'total incapacity for work,' as used in the Workmen's Compensation Act, in the case of Moore v. Peet Bros. Mfg. Co., 99 Kan. 443, 162 P. 295, 296, states as follows: 'The phrase quoted does not imply an absolute disability to perform any kind of labor. It requires a practical and reasonable interpretation, as is illustrated by the familiar rule that inability to obtain work, caused by an injury, is classed as total incapacity. Gorrell v. Battelle, 93 Kan. 370, 144 P. 244; Knowles' The Law Relating to Workmen's Compensation (3d. Ed.) p. 218; note, 5 N. C. C. A. 735. One who is disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment is ordinarily regarded as totally incapacitated'."

In that opinion the court quoted with approval from Bradbury's Workmen's Compensation Law, as follows:

"Temporary total disability, however, is usually understood to mean the period following an injury during which the employee is unable to do any work whatever, with the assumption that eventually he will be cured to such an extent that he either fully recovers from the result of the injury or he will remain partially disabled only and can do either lighter work or a portion of his former work. Thus temporary total disability and a condition of permanent partial disability may exist at the same time."

When temporary total disability may exist and when permanent partial disability may exist are questions of fact for the determination of the Commission, Gudgel v. State Industrial Commission, 151 Okla. 44, 1 P. (2d) 743; Mead & Phillips Drilling Co. v. Rush. 158 Okla. 265, 13 P. (2d) 78. Even though temporary total disability and permanent partial disability may exist at the same time, this court has held that the award for permanent partial disability does not become effective until the expiration of the period of temporary total disability. Magnolia Petroleum Co. v. Allred, 160 Okla. 126, 16 P. (2d) 78; Eagle Picher Lead Co. v. Powell, 149 Okla. 1, 299 P. 142: M. T. Smith

& Sons Drilling Co. v. Breed, 146 Okla. 135, 294 P. 137.

The Supreme Court of Illinois, in the case of Joliet & E. Traction Co. v. Industrial Commission, 299 Ill. 517, 132 N. E. 794. said:

"While the 18 days he worked as flagman might be some evidence of partial ability to work, the statute does not require an applicant to continue to work if it will cause him to continuously suffer serious discomfort and pain while he is so engaged."

The injured employee is not required to perform manual labor when accompanied with continuous pain, suffering, and discomfort. Hissom Drilling Co. v. Benson, supra.

Dr. McBride was called on behalf of petitioners, and testified that respondent "ought to have further healing period of at least three months," and that at the end of this healing period there would be a maximum of ten per cent. and a minimum of five per cent. of permanent disability to the left leg; that there was no disability to the right leg; that there was about 15 per cent. disability to the index finger, and that "I think the temporary total disability right now will be for three months." The respondent testified that he was unable to work at any remunerative occupation from the time of the accident to the time of the hearing before the Commission. Such evidence was competent and warranted a finding by the Commission that respondent was entitled to an award for compensation for temporary total disability.

Petitioners urge that the medical expert testimony was to the effect that the condition of the respondent at the time of the hearing was permanent, and that the Commission could not take the testimony of Dr. McBride in considering an award for temporary total disability for the reason that Dr. McBride testified that the treatment would be to put respondent's leg in a cast for some three or four months, and that if the Commission had been deciding the question of a temporary total disability upon Dr. McBride's testimony, it would have ordered such treatment and could not have determined at that time the extent of permanent partial disability; and also urge that the only thing before the Commission for determination at the time of hearing was the question of permanent disability. In other words, that the Commission must accept the evidence of Dr. McBride, or, if

this was disregarded, that there is no evidence to base a finding of temporary disability up to the time of the hearing.

On page 1794, Schneider's Workmen's Compensation Law, vol. 2 (2d Ed.) it is said:

"The board is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor are they required to give credence to the greater amount of evidence as against the lesser."

There is expert medical testimony to the effect that respondent at the time of the hearing was suffering permanent disability. The Commission found that the respondent, at the time of the hearing, was suffering permanent partial disability.

It appears that the Commission, in awarding compensation for 50 per cent. permanent partial loss of use of left leg, ten per cent. permanent partial loss of use of right leg, and 40 per cent. permanent partial loss of use of index finger on right hand, in addition to the compensation for temporary total disability, effective after the period of time for which he was awarded for temporary total disability, added together the percentage of disability to the legs, dividing the result by two, taking that quotient as basis for the percentage of 500 weeks, and added to that sum 14 more weeks for a 40 per cent. disability to the index finger. Petitioners urge that this is in accordance with former opinions of this court which justifies the computation by the Commission upon this basis, but urge that this method of computation was not the intention of the Workmen's Compensation Law. We have held otherwise: Maryland Casualty Co. v. State Industrial Comm., 139 Okla. 302, 282 P. 293; Capitol Drilling Co. v. Cole, 143 Okla. 279, 288 P. 473; Cortex Drilling Co. v. Henning, 149 Okla. 72, 299 P. 214; Magnolia Petroleum Co. v. Brewer, 149 Okla. 6, 299 P. 178; Magnolia Petroleum Co. v. Snapp, 149 Okla. 51, 299 P. 137; Gene Butler Boiler & Welding Works and Associated Indemnity Co. v. Brazier, 151 Okla. 222, 3 P. (2d) 430; Dolese Bros. Co. v. Roberts, 155 Okla. 198, 8 P. (2d) 756; Loffland Bros. Drilling Co. v. State Ind. Comm., 157 Okla. 78, 10 P. (2d) 1096; Magnolia Petroleum Co. v. Ary, 159 Okla. 73, 14 P. (2d) 385. We are of the opinion that these cases furnish the correct rule of computation.

Award affirmed.

RILEY, C. J., CULLISON. V. C. J., and SWINDALL, ANDREWS, OSBORN, BAY-

LESS, and BUSBY, JJ., concur. WELCH, J., absent.