## MAGNOLIA PETROLEUM CO. v. CLOW et al.

No. 23679. Opinion Filed May 23, 1933.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Carl D. McGee, for respondents.

BUSBY, J. This is an original proceeding in this court instituted by the Magnolia Petroleum Company which seeks to review and vacate an award of the State Industrial Commission rendered in favor of Theo. W. Clow, the respondent herein, who was the claimant in the industrial court. The parties will be referred to as claimant and respond-

ent, respectively, as they appeared before the State Industrial Commission.

The award sought to be vacated was ordered by the Commission on the 25th day of April, 1932. The Commission found that the claimant was, on the 25th day of April, 1928, employed by the respondent, the Magnolia Petroleum Company, in a hazardous occupation covered by the provisions of the Workmen's Compensation Laws, and that on that date he sustained an accidental injury arising out of and in the course of his employment by having a piece of steel strike him in the throat. The Commission found that as a result of that accidental injury the claimant suffered a temporary total disability for a period of 50 weeks beginning October 17, 1929, and awarded him compensation in accordance with such finding for the sum of $900. The respondent urges that "the award is contrary to law and that there is no competent evidence in the testimony or the record to support the finding of the Commission." In this connection the respondent invokes the rule announced by this court to the effect where the injury complained of is of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional men. St. Louis Mining & Smelting Co. et al. v. State Industrial Commission et al., 113 Okla. 179, 241 P. 170. Also Shepard et al. v. Crumby et al., 146 Okla. 118, 293 P. 1049.

It appears from an examination of the record that claimant filed his claim seeking to obtain compensation before the State Industrial Commission on January 9, 1929, stating that he had been injured by being struck in the throat by a piece of steel on April 25, 1928, and that he suffered considerable pain from the presence of the steel in his throat and also a limitation of the movement of his head and neck and that such condition was growing worse. The record discloses that a short time after the accident he visited a physician of his own choice, who on January 22, 1929, filed a report with the Commission which stated: "I did not treat this man. I probed the wound and failed to find any steel; don't think there was any there. It occurred to me to be a frame-up. Any assistance I can render to correct this for you please call on me."

There were a number of hearings on the cause between the time the claim was filed and the time the award was finally entered, and the claimant in support of his claim

produced only one doctor who stated in his testimony, when asked whether the "fleck" of steel or foreign body such as the claimant had in his neck would injure the throat or glands in any way, that he did not think it would. The testimony of this doctor was entirely insufficient to establish any injurious result from the accidental injury. Claimant returned to work immediately after the injury and continued to work until October 17th, following. Medical testimony produced by the respondent before the Commission, of course, tended to establish that there was no injurious result suffered by reason of the accident. An examination of all the medical testimony in the record discloses that there is no testimony whatever of skilled or professional persons tending to establish the cause or extent of the disability alleged to have been suffered by the claimant. On the contrary, all of the medical testimony is to the substantial effect that the presence of the small piece of steel described in the record as a "fleck" of steel in the place where the same is located in the claimant's neck just under the skin would not produce the disability complained of. It is therefore apparent from a careful examination of the record that there was no medical testimony before the Commission upon which to base a finding that as a result of the presence of the small fleck of steel the claimant had suffered any disability.

Claimant, however, contends that the extent and cause of the disability is established by his own testimony, and that in the absence of specific objection as to his competency as a witness on that point, his testimony is in itself sufficient to establish the existence and cause of the disability forming the basis of the award. In support of this contention he relies upon the exception to the rule invoked by respondent, which exception was recognized by this court in the case of Employer's Liability Assurance Corporation v. Grant, 147 Okla. 177, 296 P. 389, wherein it was held, in substance, that when a claimant testified before the State Industrial Commission as to the nature and extent of his disability, and such testimony is not objected to upon the ground that the witness is incompetent to testify, such testimony is sufficient upon which to base an award notwithstanding the absence of medical testimony. To the same effect the case of Atlantic Oil Producing Co. v. Houston et al., 148 Okla. 197, 298 P. 245, is also cited.

We have carefully examined the testimony of the claimant with a view of determining whether or not this case falls within the exception to the rule, and find from an examination thereof that the testimony of the claimant is wholly insufficient to establish a disability was caused by the accidental injury.

It is therefore the opinion of this court that the award of the Industrial Commission should be vacated and the Commission may take such other and further proceedings as are not inconsistent with the views herein announced.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. ANDREWS, J., absent.