## WESTERN STEEL ERECTING CO. et al. v. LUKENBILL et al.

No. 20920. Opinion Filed April 29, 1930.

Owen & Looney, J. Fred Swanson, and Paul N. Lindsey, for petitioners.

R. C. Lukenbill and Robert W. Maupin, for respondent R. C. Lukenbill.

J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondent State Industrial Commission.

CLARK, J. This is an original action filed in this court to review an award of the State Industrial Commission made and entered on the 15th day of November, 1929, in which claimant, R. C. Lukenbill, was awarded compensation for temporary total disability at the rate of $18 per week from August 11, 1928, to June 28, 1929, and further awarded compensation for permanent partial disability to the extent of 75 per cent. of the permanent loss of the left foot.

It is the contention of petitioners that the Industrial Commission was without authority to award the claimant compensation for temporary total disability and compensation for permanent partial disability.

The record discloses in this case that the claimant, respondent here, was injured by reason of a steel beam which fell, striking claimant's left foot and crushing it. Claimant was confined to the hospital about 12 weeks or longer. Three different operations were performed on the foot. At the time of the hearing his foot was not entirely well. This court in the case of Thompson v. State Industrial Commission, 138 Okla. 166, 280 Pac. 597, held against the contention of petitioners here. In this case it was stipulated that respondent lost 75 per cent. of the use of the left foot.

A finding of the State Industrial Commission of temporary total disability of claimant is a question of fact, and where there is any competent evidence tending to support the same, it will not be disturbed by this court on review. The award of the Commission on this finding is well supported by the evidence, and will not be disturbed by this court.

The contention of petitioners that the award for both injuries amounts to double compensation is not well taken. Our statute specifically provides for compensation for temporary total disability. It also provides for compensation for partial permanent disability. Temporary total disability means the healing time, or that period of time that claimant, or the employee, by reason of the injury, is unable to perform any kind of labor and is totally disabled—that class of disability from which one could reasonably expect a recovery.

If no recovery could be had, the claimant would be entitled to an award for permanent total disability. Permanent partial disability is that class of injury which is permanent, as in the case at bar. The claimant below, the respondent here, lost practically all of the left foot by reason of the accident. This loss was permanent. It will go with him through life and affect the use of the foot. As was stipulated, he lost 75 per cent. of the use of the left foot. Should this man have remained in the hospital 112½ weeks he would have been entitled to 112½ weeks' compensation for temporary total disability. Then if petitioners' contention were followed by this court, he would be turned out of the hospital with a permanent partial disability with 75 per cent. of his foot gone, for which he could receive no compensation. We cannot believe that this was the intention of the Legislature in enacting the Compensation Law. For illustration, should two men, where they both had a foot crushed and both remained in the hospital 75 weeks, but one came out sound and well and able to return to his usual vocation, while the other lost 50 per cent. of the use of his foot, both receive 75 weeks' compensation each for temporary total disability? If we should hold with the contention of petitioners herein, the man who lost 50 per cent. of the use of his foot would receive no compensation for that loss. Cases cited by petitioners are not controlling in the case at bar.

The judgment of the Industrial Commission is affirmed.

MASON, C. J., and HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., and HUNT and RILEY, JJ., absent.

Note.—See under (1) 28 R. C. L. p. 821; R. C. L. Perm. Supp. 6244. See Workmen's Compensation Acts—C. J. §82, p. 94, n. 89, 91.