## GUDGEL et al. v. STATE INDUSTRIAL COM. et al.

No. 21615.   Opinion Filed July 28, 1931.

Ames, Cochran, Ames & Monnett, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

RILEY, J. This is an original proceeding in this court to review an award made by the State Industrial Commission awarding respondent Walton compensation on account of permanent partial loss of the use of the left foot and permanent partial loss of the use of the great toe of the right foot, also allowing for temporary total disability from the date of the injury, September 26, 1929, to the date of the hearing before the Commission, June 24, 1930.

No complaint is made of the award for permanent partial loss of the left foot and the great toe of the right foot.

It is contended that there is no competent evidence upon which to base an award for temporary total disability from and after February 7, 1930, to June 24, 1930.

We have carefully examined the record and are unable to agree with the contention. It might be, and probably is, true that from the weight of the evidence, if we were permitted to weigh it, there was no total disability after February 7, 1930, and probably several weeks prior thereto. But where the evidence is in conflict, the finding of the State Industrial Commission as to the facts is final and binding upon us.

The court has repeatedly explained and fixed the meaning of the words "temporary total disability," as used in the Workmen's Compensation Act, as to the period of time for which compensation may be awarded. It has been defined as:

"Temporary total disability means the healing time, or that period of time that claimant, or the employee, by reason of the injury, is unable to perform any kind of labor and is totally disabled—that class of disability from which you could reasonably

expect a recovery." Western Steel Erecting Co. v. Lukenbill, 143 Okla. 92, 287 Pac. 724.

And:

"The period of temporary total disability is that temporary period immediately after the accident during which the injured employee is totally incapacitated for work by reason of illness caused by the injury." Smith & McDannald v. St. Indus. Comm., 133 Okla. 77, 271 Pac. 142.

The latter case quotes with approval from Dosen v. East Butte Copper Mining Co. (Mont.) 254 Pac. 880, the following:

"If a man who has a broken leg is confined to his bed for a period of two months, during that time he is temporarily totally disabled. If the leg is so badly injured that a good recovery never ensues, or if complications from the injury set in so that he never makes a good recovery, he then has a permanent partial disability. The period of total disability has ceased and a period of partial disability has succeeded. Here are two classes of disabilities, one succeeding the other. When the total disability ends, and the extent of the partial disability, are questions of fact to be decided in the first instance by the Industrial Accident Board."

In that case Mr. Justice Clark, in applying our statute to a similar set of facts, said:

"Under our statute and the schedule, supra, the employee is entitled to compensation for temporary total disability, and if the injury is of such a nature, when the period of total disability has ceased and partial disability has succeeded, one succeeding the other, are all questions of fact to be determined by the State Industrial Commission."

Then, under our statute, it is for the State Industrial Commission to determine from the evidence whether the two classes of disability justifying successive awards exist, and, if so, when the period of temporary total disability has ceased, and when permanent partial disability sets in.

In Western Steel Erecting Co. v. Lukenbill, supra, it is said:

"A finding of the State Industrial Commission of temporary total disability of claimant is a question of fact, and where there is any competent evidence tending to support the same, it will not be disturbed by this court on review."

Then, if there be any competent evidence tending to support the finding of the State Industrial Commission to the effect that temporary total disability continued down to the date of the hearing, this court will not disturb the award.

Dr. W. F. Griffith, whose qualifications were admitted, was a witness, and testified that he made an examination of claimant's feet the first week in April, 1930, and made X-ray pictures of both feet, and examined his feet again two or three days before the hearing. He testified, in part:

"Q. Have you examined his feet since you took the X-ray pictures? A. I have. Q. When? A. Two or three days ago. Q. Did you notice any improvement? A. I did not. Q. You think he able to work now? A. He is able to do some kind of light work. Q. Would you advise him to use this foot in walking over rough places, using a cultivator or the like? A. I would not. Q. Use a cultivator on the farm? A. If he could ride he could use it. * * * Q. Now, then, Doctor, I believe you stated you examined the claimant first along about the time, about the first week in April, 1930? A. Yes, sir, as well as I remember. Q. And you also stated you again examined him about a week ago? A. Two or three days ago. Q. Doctor, could you see any difference in the condition of either one of the claimant's feet from the time you examined him in April to the time you examined him two or three days ago? A. No, sir. Q. You didn't see any difference? A. I didn't note any difference. Q. It was your opinion they were in practically the same condition when you examined the claimant first week in April as they were two or three days ago. A. Yes, sir, it is. Q. Could you tell from your first examination in April, Doctor, how long the claimant's feet had been in the condition they were in at that time? A. No, sir, I could not. Q. There is no way medical science could do that? A. There is no way I know of. Q. I believe you stated in direct examination, the claimant is not totally disabled at this time? A. Yes, sir. Q. Would you state the claimant was not totally disabled in April? A. Yes, sir. Q. It was your opinion he would be able to do some light work in April at that time? A. Yes, sir, some kind, he could not do heavy work, there were a few light things he could do. Q. Doctor, do you think he could do a full day's work? A. No, sir. Q. Part of a day's work? A. Yes. Q. About a half day? A. Something like that."

When further examined by Judge Doyle, a member of the Commission, he testified:

"Judge Doyle: Q. Doctor, has he been able to perform ordinary manual labor up to this time? A. No, sir, I don't think so. Q. As a matter of fact, he would expose himself to further damage? A. Yes, sir."

Dr. F. A. Hudson, who treated respondent from shortly after the date of the injury, to February 8, 1930, testified:

"Q. Now, you discharged this claimant as healed on the 8th of February, did you

doctor? A. Yes, sir, my discharge slip, the eighth of February. Q. Your opinion he was able to return to work at that time? A. My opinion he had been able to work about a month before that. * * * Q. You believe that permanent partial disability last for at least a year, in your opinion? A. No, I think he was totally disabled for about four months, between three and four months."

These were the only medical experts to testify, and it will be observed at a glance that their testimony is in sharp conflict. The testimony of Dr. Griffith to some extent is contradictory. He testifies that, in his opinion, claimant could have done light work as early as the first week in April, and that there was no change in his condition from that time until the date of the hearing. He also testified that claimant was unable to perform ordinary manual labor at the time of the hearing.

While it may not be said, as was said in Webster Steel Erecting Co. v. Lukenbill, supra, that the award of the Commission is well supported by the evidence, yet there is some competent evidence in support thereof. The question of the weight of the evidence is one entirely for the State Industrial Commission.

We cannot say, as a matter of law, that there is no competent evidence in support of the award as made.

The petition for review is denied.

LESTER, C. J., CLARK, V. C. J., and HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CULLISON, J., absent.