## MEAD & PHILLIPS DRILLING CO. et al. v. RUSH et al.

No. 23164. Opinion Filed July 27, 1932.

Rittenhouse, Webster & Rittenhouse, for petitioners.

Earl Sadler, for respondents.

SWINDALL, J. On March 9, 1931, the respondent, W. W. Rush, while in the employ of Mead & Phillips Drilling Company, received an accidental personal injury arising out of and in the course of his employment. The injury occurred in the following manner: The respondent herein and others were running a string of pipe and started to turn the pipe line full of water and respondent picked up a hose and was running water in the pipe and the driller, instead of turning on the water, by mistake turned the steam on and this blew the hose out and hit respondent on the head and scalded him to some extent and knocked him back about ten feet on the rig and some pipe. He was first treated by Dr. Himes at Earlsboro, Okla., and then sent to the Reconstruction

Hospital and, McBride Clinic at Oklahoma City, Okla. Temporary total disability compensation was paid until the 15th day of June, 1931, at which time the petitioner notified the State Industrial Commission on form No. 16 that it had discontinued compensation for the reason that the claimant, respondent herein, was able to return to work. On September 22, 1931, the respondent herein filed a motion advising the State Industrial Commission that the insurance carrier had discontinued payments of compensation and refused to pay claimant any further sum for his permanent disability.

So, the case was before the Industrial Commission upon two issues: First, the contention of the petitioners that the respondent herein had fully recovered from the accidental injury and was not entitled to compensation after the 15th day of June, 1931, and; second, the claim of the respondent that he was entitled to compensation for permanent disability. The parties to the action having presented the case upon definite theories, it was the duty of the Commission to make findings upon the evidence offered by the parties in support of their respective theories.

Dr. Rex Bolend and Dr. E. Margo are each of the opinion that the respondent is fully recovered from the accidental injury and that he is suffering from a prostatitis which gives a backache, but the same has no relation to the injury. The respondent's own physicians testified that in their opinion the respondent has about ten per cent. permanent disability as a result of the accidental injury. There is no competent evidence in the record that the claimant at the time of the hearing before the Commission was temporarily totally disabled from performing ordinary manual labor or engaging in some kind of employment, the main difficulty being that he was unable to find work. This does not justify the Industrial Commission in awarding temporary total disability.

In the case of Gudgel et al. v. State Industrial Commission et al., 151 Okla. 44, 1 P. (2d) 743, this court held that:

"The question of when temporary total disability and permanent partial disability exist so as to justify successive awards under the Workmen's Compensation Act, and when the one ends and the other sets in, are questions of fact for the determination of the State Industrial Commission from the evidence. The findings and award made will not be disturbed upon review by this court when there is any competent evidence to support same."

In Western Steel Erecting Company et al. v. Lukenbill, 143 Okla. 92, 287 P. 724, this court announced the rule as follows:

" 'Temporary total disability' means the healing time, or that period of time that claimant, or the employee, by reason of the injury, is unable to perform any kind of labor and is totally disabled—that class of disability from which you could reasonably expect a recovery."

And in Smith & McDannald et al. v. State Industrial Commission et al., 133 Okla. 77, 271 P. 142, that:

"The period of temporary total disability is that temporary period immediately after the accident during which the injured employee is totally incapacitated for work by reason of illness attended by the injury."

The issues presented by the pleadings call upon the Commission to determine the permanent partial disability of the claimant as the result of said accidental injury in accordance with the evidence offered upon the hearing. This does not mean temporary total disability or permanent partial disability resulting from some other cause not connected with or aggravated by the accidental injury. The Commission failed to make a finding upon the testimony relating to the permanent partial disability of the claimant and there was no competent evidence that there was a temporary total disability of the claimant at the time of the hearing. We are of the opinion, therefore, that the award should be vacated and the cause remanded to the Industrial Commission to make a finding consistent with the evidence offered by the parties in conformity to the pleadings that may be before the Commission for consideration.

Award vacated and cause remanded for further proceedings consistent with the views herein expressed.

LESTER, C. J., and HEFNER, CULLISON, and KORNEGAY, JJ.. concur. CLARK, V. C. J., and RILEY, ANDREWS, and McNEILL, JJ., absent.