## GLOBE INDEMNITY CO. v. CHRISTIAN.

No. 22102.  Opinion Filed July 12, 1933.

Rehearing Denied Dec. 19, 1933.

Miley, Hoffman, Williams, France & Johnson, for petitioner.

Glenn O. Young, for respondent.

SWINDALL, J. This is an original proceeding to review an award of the State Industrial Commission. On July 30, 1926, re-

spondent was in the employment of H. E. Hanna and engaged in a hazardous occupation within the provisions of the Workmen's Compensation Law. The Globe Indemnity Company is insurance carrier. Claim for compensation was filed and heard by the State Industrial Commission and compensation awarded for a period of eight weeks' temporary total disability. On March 2, 1929, respondent herein filed a motion to reopen his claim and award additional compensation on the ground of a change in condition. A hearing was had on this motion and evidence taken. Upon consideration thereof the Commission denied the motion, and the claimant, respondent herein, filed proceedings in this court to review said order. On July 1, 1930, this court in an opinion by Commissioner Diffendaffer reversed the decision of the State Industrial Commission holding that the evidence showed a change in the condition of claimant, respondent herein, and remanded the cause to the Commission for further proceedings consistent with the views therein expressed. Christian v. Hanna, 144 Okla. 89, 289 P. 708. Upon the mandate of this court being received by the Commission, the same was ordered spread upon the records of the Commission and further testimony taken. This evidence was considered in connection with the evidence offered in support of the motion to reopen the case on the ground of a change in conditions. At the conclusion thereof, on February 5, 1931, the Commission made the following among other findings:

2. "That the claimant has been temporarily totally incapacitated since March 20, 1929, the date of the motion to reopen claim and award additional compensation to February 3, 1931, a total of 97 weeks and 5 days.

"The Commission is of the opinion: By reason of aforesaid facts, that claimant is entitled to compensation from March 20, 1929, to February 3, 1931, being 97 weeks and 5 days, at the rate of $15.39 per week, amounting to $1,492.83, and all medical expenses incurred by claimant as a result of said aforementioned accidental injury."

The amount of the award is for only 97 weeks, according to the sum stated therein, and not for 97 weeks and 5 days, as found.

The facts are fully stated in the opinion in Christian v. Hanna, supra, and it is not necessary to restate the same here. We have examined the evidence contained in the record in the first proceedings to review the order refusing to reopen on the grounds of a change in conditions, and also the evidence taken in obedience to the mandate of this court. We are of the opinion that the evidence is sufficient to sustain the award made by the Commission for additional compensation for 97 weeks and 5 days, but we do not understand why the Commission limited the same to 97 weeks and 5 days, for the reason the undisputed evidence shows that the condition of the claimant, respondent herein, was just as serious at the conclusion of the hearing as it was at any time from March 20, 1929, to the date of the award. According to the evidence found in the record, he can see to get around and that is about all. Section 13356, among other things, provides:

"2. Temporary Total Disability: In cases of temporary total disability, sixty-six and two-thirds per centum of the average weekly wages shall be paid to the employee during the continuance thereof, but not in excess of 300 weeks, except as otherwise provided in this act."

From a consideration of the record it is clear that the respondent at the time of the hearing was temporarily totally disabled, and that he would be either permanently partially disabled, or that his condition would develop into permanent total disability, if it had not done so at the time of the hearing, and he is entitled to compensation during the continuance thereof, not to exceed 300 weeks for temporary total disability, or if it develops into a permanent total disability, not to exceed 500 weeks, or if the injury develops into a permanent partial disability, then compensation should be awarded accordingly. However, it appears that the Commission can now determine from competent evidence the nature and extent of the injury. Each party is entitled to have the nature and extent of the injury determined in accordance with the facts. So, we are forced to the conclusion that the award as entered by the State Industrial Commission did not conform to the evidence and the views expressed by this court in Christian v. Hanna, supra, and the cause is, therefore, remanded to the State Industrial Commission to determine the nature and extent of the disability of the respondent in accordance with the facts disclosed by the record, and, if it deems proper, to take additional testimony in order that it may determine the condition of the claimant at the present time and otherwise proceed consistently with the views expressed by this court in Christian v. Hanna, supra, and the views herein expressed.

RILEY, C. J., CULLISON. V. C. J., and

OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. ANDREWS and McNEILL, JJ., absent.

## On Rehearing.

SWINDALL, J. It appears from the petition for rehearing that counsel for petitioners have arrived at an erroneous conclusion relative to the holding of this court in Christian v. Hanna, 144 Okla. 89, 289 P. 708. In that case an award was made by the State Industrial Commission to the claimant, Christian, for temporary total disability for a period of eight weeks for an injury to claimant's left eye. On March 2. 1929, claimant filed a motion to reopen on the ground of a change in conditions. Hearings were held on this motion beginning April 19, 1929, and continued from time to time until August 9, 1929, at which time the Commission, after citing the former findings, made the following order:

"It is a generally known and accepted rule that in order to ascertain and determine the real intention of a judgment the whole record may be examined and construed, and in accordance with that rule, and from a review of the record, it was clearly the intention of the State Industrial Commission, in its order of July 28, 1927, to find that claimant's disability resulting from the injury sustained on July 30th, 1926, did not extend beyond 8 weeks, and that any other or further disability claimant might have was the result of disease found to exist at and prior to the time of the alleged injury."

Thereupon the following finding and formal order was made:

"The Commission is of the opinion, on consideration of the testimony and records on file, that the testimony introduced by claimant is insufficient to show a changed condition as a result of injury sustained on July 30, 1926.

"It is, therefore, ordered: That the motion of claimant to reopen cause and award further compensation be and the same is hereby denied, and this case closed."

The claimant filed a petition in this court to review that order of the Commission. The only issue presented for this court to determine was whether or not there had been a change in the condition of claimant as a result of the original injury. Upon consideration of the record this court held that the undisputed competent evidence showed a change of conditions of claimant as a result of the original accidental injury, and vacated the findings of the Commission holding to the contrary. There had never been a determination by the Commis-

sion upon the facts as to the nature and extent of claimant's injury and disability except as to eight weeks' temporary total disability, which was paid. The cause was remanded to the Commission to hear the evidence and determine the nature and extent of the disability of the claimant as a result of the original injury. Upon receipt of mandate from this court the Commission found that the claimant had been temporarily totally incapacitated since March 20, 1929, the date of the motion to reopen claim, and awarded compensation to February 3, 1931, a total of 97 weeks and 5 days. This court, by its opinion filed July 12, 1933, found that there was no competent evidence to show that the claimant had a change of condition on March 20, 1929, or showing that his disability ended on February 3, 1931. Hence, the findings and award made by the Commission were clearly not in accordance with the evidence. We did not discuss the facts and do not intend to do so now, as it is for the Commission to determine the nature and extent of the disability of claimant as a result of the original accidental injury. We held in Christian v. Hanna, supra, that there had been a change in the conditions of the claimant and under the law it is for the Commission and not this court to find the facts, and. where an award is not sustained by any competent evidence, we will vacate the same and remand the cause to the Commission to make a correct finding of fact in accordance with the evidence.

Petitioners further claim that they have made certain payments in accordance with the mandate of this court issued upon an opinion reported in 161 Okla. 116, and call our attention to former decisions of this court wherein this court has held that where after a decision of a case and rendition of its opinion in this court, its mandate is regularly transmitted to the trial court and is spread upon its records, this court, in the absence of fraud, accident, inadvertence. or mistake, is without jurisdiction to recall the mandate and entertain a petition for rehearing, and a motion for leave to file the same will be denied. Such is undoubtedly the general rule and applies to cases upon appeal from inferior courts. However, this is an original proceeding to review an award of the State Industrial Commission. The award complained of as found by the Commission and affirmed by this court in 161 Okla. 116, was for a temporary disability from March 20. 1929 and ending February 3, 1931. The Commission has continuing jurisdiction over each case of this nature

and may make an award for permanent disability, if any, or may change its awards upon the ground of a change in conditions, but it must base its award upon competent evidence. We are not passing upon the nature and extent of the disability. Under the Workmen's Compensation Law the Commission and not this court is the fact-finding body. It is only when there is no competent evidence to sustain the findings and the award is contrary to law that this court is authorized to vacate the award.

It is not contended by petitioners that there is competent evidence sustaining the findings of the Commission that the condition of respondent Earl Christian changed on March 29, 1929. When we held in our opinion reported in 161 Okla. 116, 16 P. (2d) 574, supra, that the findings of the Commission on that issue were sustained by the evidence, we were in error.

The Commission is hereby directed to further consider the facts as disclosed by the record and to take further evidence if it so desires, and to make an award consistent with the facts as disclosed by competent evidence and allow petitioner credit on any award made for the sums paid to claimant in accordance with the mandate issued out of the office of the clerk of this court on the 10th day of December, 1932.

Rehearing denied.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. WELCH, J., absent.