## OKLAHOMA NATURAL GAS CO. et al. v. DAVIS et al.

No. 27679. Jan. 18, 1938.

Butler. Brown & Rinehart, for petitioners.

Albert C. Kidd, Al G. Nichols, and Mac Q. Williamson, Atty, Gen., for respondents.

DAVISON, J. In this case the Oklahoma Natural Gas Company seeks a review of an award of the State Industrial Commission made to John J. Davis on the 27th day of November, 1936. The parties will be referred to as petitioner and respondent. The first notice of the injury to the employee, or respondent. states that on January 18, 1936, he sustained an accidental injury resulting in a disability when one E. M. Carter struck him with a car 'as the car skidded in the snow; that at the time both lower limbs below the knee were injured; that he also sustained an injury to his right hand; that at the time of the injury he was drawing $100 per month as a common laborer and was paid monthly.

The petitioner denied that the respondent was engaged in a hazardous employment and denied that he sustained any accidental personal injury on that date, and alleged the facts to be that while respondent was standing on the roadside on said date, a car driven by E. M. Carter, an employee of the petitioner, slightly bumped the respondent, but that said bump was of no consequence and did no injury. It is further alleged that if the respondent was injured, such injury did not arise out of and in the course of the employment; that he failed to notify the petitioner as by law required; that no medical attention became necessary and no request was made therefor. The allegations concerning failure to give notice and necessity for medical attention are abandoned in the brief and are not considered in this cause.

The substance of the respondent's testimony concerning the facts surrounding the accident is as follows: That on January 18, 1936, he went to a little store in a community furnished with gas by the petitioner and was told by one Tom Butner that they were out of gas again; that he saw that the gas was frozen so he stopped to thaw it out, and telephoned the company's office and notified R. O. Gaines, a field clerk for the petitioner, of the condition, and Gaines instructed him to go ahead and try to fix

it and he would send some one there; that he went to his own house to get coal oil and rags with which to accomplish the thawing and on his way back his car slid off the icy pavement into a ditch; after sending a boy to the house to get some one to help him, he was standing by the car, when E. M. Carter, his boss and connection foreman, came by.

E. M. Carter testified that when he came upon the respondent he applied his brakes, but due to the snow and ice and slippery condition of the road, the brakes would not hold the car and it struck the respondent and knocked him down; that two days after the accident he went to the respondent's home to see why he had not reported for work and the respondent then told him that he had a sore wrist; that ten or twelve days after the accident the respondent came back to work and started laying pipe which required ditching with a pick and shovel; that he never worked after February 26, 1936, that he came back on March 27th for his pay check with a sore hand and said that Carter had done it when he hit him with the car.

In addition to the foregoing testimony, the respondent testified that he tried to work after the accident, but his hand was sore "plumb" to his shoulder, and that in February, 1936, he was breaking pipe connections with a sledge hammer, but his hand hurt so severely that he had to quit and did not work after that time. He further stated that he was working by the month and subject to call any day or night when the petitioner needed him, and that he had been called upon several occasions when the line was frozen.

Dr. A. N. Deaton testified that the respondent came to him on March 20, 1936, and told him that a truck of the petitioner struck him across his shins knocking him down; that it threw his head back and hit the back of his right hand; that his hand was bruised and swollen and there was drainage from the knuckle of the little finger; that the respondent received an injury to both legs and had evidence of scars on both legs when he examined him on June 10, 1936. He further testified that the respondent had a 50 per cent. partial disability; that it would be better to take his finger off; that at the time of the hearing, July 22, 1936, three fingers of the hand were affected for a total of 75 per cent. disability, and that he attributed the disability to the accidental injury of January 18, 1936.

After the evidence was in, the State Industrial Commission, on November 27, 1936, entered in this cause an order in which appears the following findings of fact:

"On the 18th day of January, 1936, the claimant was in the employment of the respondent and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental injury to his right hand, arising out of and in the course of his employment with said respondent.

"2nd. That the claimant's average monthly wage was $100.00 per month.

"3rd. That by reason of said accidental injury, the claimant was temporarily totally disabled from the 26th day of February, 1936, to the 22nd of July, 1936, or 20 weeks and two days beyond the five-day waiting period."

The first proposition in the petitioner's brief is that there is no competent evidence to support the finding of the Industrial Commission that the business of the respondent is hazardous within the terms and meaning of the Workmen's Compensation Law. From the evidence there is no question but that the petitioner was the respondent's employer and that it operated the pipe line, which the respondent was attempting to thaw on the day his injury occurred. Certainly, his efforts on that day could be classified as manual labor, and, furthermore, the petitioner, in its effort to show that the respondent was later able to do his work, established the undisputed fact that the digging of ditches was included in his employment. From these facts, we believe it to be conclusive that the business of the petitioner is one of the hazardous employments named in section 13349, O. S. 1931, more especially the "construction and operation of pipe lines," and that the respondent's employment was manual labor connected with said business, thus coming within the meaning of the term "hazardous employment," as defined by section 13350, O. S. 1931. If the petitioner relied upon the proposition that the respondent's employment was not hazardous within the meaning of the Workmen's Compensation Law, it should have submitted some substantial evidence in support of this contention. In Petroleum Chemical Corporation v. State Industrial Commission, 154 Okla. 67, 6 P. (2d) 775, we said:

"The burden is upon a claimant before the State Industrial Commission to prove that the relationship of employer and employee in a business within the terms of the act existed at the time of the injury

complained of; but when that relationship is shown, **there is a presumption,** by reason of section 7295, C. O. S. 1921, **that the claim comes within the provisions of the act.**

"Where a claimant was performing manual labor in a hazardous employment as an employee when injured, and the injury arises out of and in the course of the employment, he is entitled to compensation for the disability sustained, in the absence of a showing that the employment did not come within the provisions of the Workmen's Compensation Act."

In further support of its position that the Industrial Commission erroneously treated the respondent's claim as coming within the Workmen's Compensation Law, the petitioner also contends that the commission's finding that the respondent's injury arose within the course of his employment is not supported by the evidence. The evidence shows that the respondent was employed by the month. He testified that he was on duty at the time of the accident and his testimony that he was subject to call any day or night when the petitioner needed him is corroborated to some extent by the petitioner's witness, Carter, who, in addition to the testimony hereinbefore described, testified, in effect, that whenever the respondent notified the petitioner's office of the necessity of such work as he was doing on the day in question, and was instructed from said office to do the work, he was authorized to do it. In view of this testimony and the respondent's statement that he was on a journey connected with such labors at the time he was injured, we hold that there is competent evidence to support the finding of the commission that the injury arose out of the course of his employment. Consequently, this finding will not be disturbed. Sapulpa Refining Co. v. State Industrial Commission, 91 Okla. 53, 215 P. 933; Oklahoma-Arkansas Telephone Co. v. Fries, 128 Okla. 295, 262 P. 1062; Cary v. State Industrial Commission, 147 Okla. 162, 296 P. 385; Thomas v. Martin, 164 Okla. 151, 23 P. (2d) 192, and many others.

In connection with the proposition already discussed, the petitioner also alleges that there is no competent evidence that it was employing as many as two men at the time of the injury. What we have hereinbefore said largely disposes of this matter. The testimony shows that the petitioner employed one Gaines, the witness, E. M. Carter, and the son of the witness, Passmore, together with several others who are mentioned in the proceedings. In view of the position assumed upon the specific objection filed before the commission, we are of the opinion that if it was the intention of the petitioner to seriously urge this proposition, it should have made that clear at the hearing. In all of the authorities that the petitioner cites for its first proposition, the contention that the employer was not within the terms of the Workmen's Compensation Law was substantially presented before the Industrial Commission, and after a review of all of the evidence submitted upon that proposition, this court then determined whether or not such employment did come within the terms of the act. In view of what we have already said, there are not sufficient grounds for setting aside the finding of the State Industrial Commission that the employment in the present case comes within the terms and operation of the Workmen's Compensation Law, and therefore the same must be upheld.

The petitioner's third and final proposition is that there is no competent evidence to establish temporary total disability. The finding of the commission on this point is challenged on the ground that the respondent's testimony indicated that he had performed some kind of work on a bridge for Seminole county some time in June, and for the further reason that his doctor testified that he had given him no medical treatments from June 10th until shortly before the trial, and the further claim that the petitioner's doctor thought that the respondent should be doing light work. These statements are borne out by the record, except that the testimony of the petitioner's doctor indicates no more than his belief that a little light work and exercise would do the respondent no harm. Nothing concerning the nature or extent of the respondent's work or his employment on the bridge for Seminole county in June appears in the record, however, and we deem it unnecessary to further discuss the petitioner's contentions concerning the commission's finding, for in our opinion there is competent evidence to support it in the respondent's testimony that he had to quit his work on account of the soreness of his hand, and the testimony of both of the medical experts to the effect that at the time of the trial the healing period had not expired. "Temporary total disability" has been defined as "the **healing time,** or that period of time that the employee by reason of the injury is unable to perform any kind of labor, or is totally disabled." Western Steel Erecting Co. v. Lukenbill, 143 Okla. 92, 287 P. 724; Magnolia Petroleum Co. v. Allred, 160 Okla. 126, 16 P. (2d)

78. Evidence that the claimant has done or is capable of doing light work does not exclude him from being termed "totally disabled" within the meaning of the Workmen's Compensation Law. See Moore v. Peet Bros. Mfg. Co., 99 Kan. 443, 162 P. 295, 296, quoted with approval in Hissom Drilling Co. v. Benson, 153 Okla. 157, 5 P. (2d) 393, 397, 'and Briscoe Construction Co. v. Listerman, 163 Okla. 17, 20 P. (2d) 560. In the Benson Case, supra, in deciding against the contentions of the petitioner, this court held:

"The question of whether respondent was totally disabled from the performance of ordinary manual labor is a question of fact for the determination of the commission, and, where there is any competent evidence reasonably supporting such finding, this court will not weigh conflicting evidence upon which said finding of fact is based."

For the reasons herein given, the award of the State Industrial Commission in this cause is hereby sustained.

OSBORN, C. J., and RILEY, PHELPS, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., absent.