## SPARKMAN v. COSDEN PIPE LINE CO. et al.

No. 28098.   March 1, 1938.

E. F. Lester and Bob Howe, for petitioner.

J. C. Denton, R. H. Wills, J. H. Crocker, J. P. Greve, F. A. Graybill, I. L. Lockewitz, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Gilbert Sparkman, hereafter referred to as petitioner to obtain a review of an award made by the State Industrial Commission in his favor and against Cosden Pipe Line Company, hereafter referred to as respondent.

The sole question presented for determination is whether the State Industrial Commission may in an award made for temporary total disability include a finding that no permanent disability had resulted from the accident involved. None of the evidence adduced before the commission has been brought here, and therefore the question is submitted as one of law. The award which we are now called upon to review recites that it was made on the 24th day of July, 1937, after numerous hearings had to determine liability and extent of disability. The commission made the following findings of fact:

"1.   That on the 13th day of July, 1935, the claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law; and that on said date he sustained an accidental injury, arising out of and in the course of his employment, being the inhalation of noxious gases.

"2.   That the average wage of claimant at the time of said accidental injury was $3 per day.

"3.   That the respondent had actual notice of said injury and was not prejudiced by claimant's failure to give notice within the thirty-day statutory period.

"4.   That as a result of said injury claimant was temporarily totally disabled from the date of said injury to July 1, 1937, being 101 weeks and 4 days beyond the five-day waiting period.

"5.   That any disability now existing, if any, is not the result of the accidental injury sustained on July 13, 1935."

The commission awarded compensation for temporary total disability only. Petitioner appears to be entirely satisfied with the findings and the award in all respects except as regards the fifth finding of fact, and this,

he contends, is erroneous and illegal in that it attempts to prejudge his claim to any permanent disability as the result of his injury. In support of this contention the petitioner cites and relies entirely upon the cases of Magnolia Petroleum Co. v. Allred, 160 Okla. 126, 16 P.2d 78, and Western Steel Erecting Co. v. Lukenbill, 143 Okla. 92, 287 P. 724. An examination of the above cases discloses that while they are authority for the rule that the State Industrial Commission may make an award for temporary total disability as a specific injury, and also make an award for permanent partial disability, when both injuries result from the same accident, and the time when an award for permanent disability becomes effective, they contain nothing which would limit the jurisdiction of the State Industrial Commission to award or deny compensation as the evidence might warrant. Section 13360, O. S. 1931, gives the Industrial Commission full power and authority to determine all questions in relation to payment of claims for compensation and to make or cause to be made such investigation in each case as it may deem necessary. Thereunder it has been held that when a cause is properly before the State Industrial Commission, the entire range of disability may be inquired into and an award made in accordance with the facts. Continental Oil Co. v. Hayes, 157 Okla. 142, 11 P.2d 470. Whether an injury which is compensable under the Workmen's Compensation Law is temporary or permanent is ordinarily a question of fact for the State Industrial Commission (Globe Indemnity Co. v. Christian, 167 Okla. 78, 27 P.2d 830; Sheldon Oil Co. v. Thompson, 176 Okla. 511, 56 P.2d 1171); and when temporary total disability and permanent partial disability may exist are questions of fact to be determined by the State Industrial Commission from all of the competent evidence submitted to them. Gudgel v. State Industrial Commission, 151 Okla. 44, 1 P.2d 743; Mead & Phillips Drilling Co. v. Rush, 158 Okla. 265, 13 P.2d 78; Briscoe Const. Co. v. Listerman, 163 Okla. 17, 20 P.2d 560.

The authority of the State Industrial Commission to make an award and finding such as is involved in the award now under review has been expressly recognized by this court in the case of Gardner Petroleum Co. v. Poe, 166 Okla. 169, 26 P.2d 743, and therein it is pointed out that the limitation placed upon the commission is that it may not by its order and finding divest itself of jurisdiction to award compensation for any disability which may be shown to have resulted from the injury, and thereafter shown on a change in condition. The award under review here does not attempt to foreclose the petitioner from seeking a recovery on a change in condition for any disability that might thereafter result from his injury, but merely finds that any disability which the petitioner had at the time the award was made had not resulted from his injury. In the absence of any evidence in the record to the contrary, we must presume that this finding was justified by the competent evidence adduced before the commission. There is no error of law shown, and as this is the only ground advanced for review, the award and order should not and will not be disturbed.

Award sustained.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, and CORN, JJ., concur.