## UNITED STATES GYPSUM CO. v. REAMES et al.

No. 28990.   Oct. 17, 1939.

Rainey, Flynn, Green & Anderson and M. M. Gibbens, all of Oklahoma City, for petitioner.

Fred M. Hammer and M. J. Parmenter, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondent.

PER CURIAM. By this original proceeding the petitioner, United States Gypsum Company, seeks to review an award made by the State Industrial Commission to G. N. Reames, and the parties will be hereinafter designated as petitioner and respondent.

On July 27, 1938, respondent filed employee's first notice and claim for compensation, in which it is stated that on June 27, 1938, he sustained an accidental injury to his back, hip, and legs when his foot slipped on a rock. On August 3, 1938, the petitioner filed an answer denying that respondent was injured by any accident while engaged in the performance of his work for the petitioner. Due notice was given for the hearing and determination of the matter and hearings were held on October 12, 1938, and October 19, 1938, after which, on October 27, 1938, the State Industrial Commission entered an award for temporary total disability finding that the average daily wage of respondent was $3.20 per day and ordering payment of compensation at the rate of $12.31 per week during the continuance of said temporary total disability.

Petitioner first urges that there is no competent evidence of an accidental injury arising out of and during the course of the employment. The evidence of the respondent reveals substantially that on the 27th day of June, 1938, he was unloading heavy rock from a railway car onto a conveyor which transported the rock to the kiln of the petitioner, and had stooped down and picked up a rock and was lifting it up when his foot slipped on a small rock known as a spawl, and he fell, thus sustaining the injury of which complaint is made. Respondent stated that he came to work on the morning of June 27, 1938, at 9 o'clock; that he was alone in the car and a fellow workman, Mallory, was in the kiln where the rock from the car was being conveyed; that the accident happened about 9:30 in the morning, whereupon he went immediately to the foreman, Davis, and notified him that he had hurt his back; that he did not tell him at this time that he had slipped on the rock or spawl, but came to the plant the next morning and told Davis that he hurt his back when he fell.

Petitioner does not raise the failure to give the statutory notice provided by section 13358, O. S. 1931, 85 Okla. St. Ann. § 24. Respondent testified that he had not done any manual labor since the date of the accident; that he attempted to mow the lawn about the house after the accident but was unable to do this work because of the pain in his back. Dr. Shaw was the only medical expert witness for the respondent. Petitioner admits that the disability is such that it must necessarily be determined by the testimony of medical expert witnesses (Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P.2d 1212), but urges that the testimony of Dr. Shaw does not indicate whether the respondent is temporarily disabled or permanently disabled.

Whether the disability is temporary or permanent is a question of fact to be determined by the State Industrial Commission. Briscoe Construction Co. v. Listerman, 163 Okla. 17, 20 P.2d 560; Gudgel v. State Industrial Commission, 151 Okla. 44, 1 P.2d 743; Mead & Phillips Drilling Co. v. Rush. 158 Okla. 265, 13 P.2d 78. Dr. Shaw testified that respondent was unable to do any labor, and further stated that he needed treatment, and described how he should be treated, and we are of the opinion, and hold, that a careful reading discloses that it was his intention to inform the State Industrial Commission that the respondent was temporarily totally disabled. As said in City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P.2d 1094, it is not necessary that the evidence show categorically the nature and extent of the injury, but when the testimony is sufficiently plain and explicit to justify the meaning assigned by the State Industrial Commission and the finding is based thereon. this court will not disturb such finding. Not only did the doctor testify as above stated that he was totally disabled, but definitely stated that in his opinion it was the result of the accidental injury of June 27, 1938. There was competent evidence from which the State Industrial Commission was warranted in finding that the respondent was totally temporarily disabled as a result of the accidental injury of June 27, 1938.

It is next urged that the State Industrial Commission erred in computing the rate of compensation. Respondent filed his claim for injury, and therein stated his daily wage to be $3.20. It is not disputed that this is the correct daily wage paid to respondent during the days employed, but petitioner states that, since respondent made $702.40 according to the pay roll record introduced in evidence at the hearing, this amount should be divided by 52 to determine the weekly wage. We have expressly disap-

proved this method in Skelly Oil Co. v. Ellis, 176 Okla. 519, 56 P.2d 819; Chickasha Cotton Oil Co. v. Markham, 182 Okla. 55, 75 P.2d 1129, and other authorities therein cited, and therein point out that under subdivision 1, section 13355, O. S. 1931, 85 Okla. St. Ann. § 21, the method of determining the annual earnings is to multiply the average daily wage during the days employed by 300. The average daily wage during the days employed in the case at bar is $3.20. Respondent worked for petitioner 45 weeks prior to the date of the injury, which is substantially the whole of a year; therefore, the State Industrial Commission did not err in computing the weekly wage, and this contention is without merit.

A third contention is presented by the petitioner to the effect that the State Industrial Commission erred in receiving and considering incompetent evidence. We shall not discuss this assignment further than to state that this court has held that the State Industrial Commission is not bound by the strict rules used to guide the proceedings in the district courts and other courts of record. This court reviews the evidence to determine if there is competent evidence to sustain the finding of the State Industrial Commission. Regardless of the incompetency of the evidence received, there is competent evidence which supports the finding and award of the State Industrial Commission.

The award is affirmed.

WELCH, V. C. J., and CORN, GIBSON, HURST, and DANNER, JJ., concur.