## NATIONAL WELL SERVICE et al.
### v. BRUMLEY et al.

No. 34655.    Feb. 27, 1951.

*228 P. 2d 638.*

Mont R. Powell and Anthony R. Kane, Oklahoma City, for petitioners.

Hugh M. Sandlin, Holdenville, and Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, J. Earl S. Brumley, claimant, filed his first notice of injury and claim for compensation, stating that on the 8th day of September, 1949, while employed by National Well Service, he sustained an accidental injury to his back while carrying heavy pipe. An award was entered for temporary total disability and petitioners have brought this proceeding to review the award.

It is first argued that there is no evidence tending to support the finding that claimant sustained an accidental injury. Claimant testified that he was carrying a length of tubing weighing between 500 and 600 pounds. Five men, including himself, were carrying the pipe and he was in the middle. He was taller than the other employees and because of this had a much heavier load. While carrying the pipe he strained himself. A fellow employee supported claimant's testimony to the effect that claimant was in the middle and for this reason was carrying more than his share of the load.

Dr. Kernek testified that he examined claimant on November 8, 1949, and that at that time claimant was temporarily totally disabled, and that in his opinion the disability was due to the accidental injury of September 8, 1949. Under the facts and circumstances this evidence justified the conclusion of the State Industrial Commission that the claimant had sustained an accidental injury. Gulf Oil Corp. v. Rouse, 202 Okla. 395, 214 P. 2d 251; Shell Oil Co. v. Thomas et al., 202 Okla. 190, 211 P. 2d 263; Knotts Bakery v. Freudenthaler, 188 Okla. 321, 108 P. 2d 540; Clarksburg Paper Co. v. Roper, 196 Okla. 504, 166 P. 2d 425.

It is next argued that there is no evidence authorizing an award for temporary total disability for the period awarded. The award in this respect states:

" . . . That by reason of said accidental personal injury, claimant is now temporarily totally disabled, and has been so since September 8, 1949, from the performance of ordinary manual labor and is in need of medical attention and care; and that there is due claimant the sum of $387.51, same being accrued compensation from September 8, 1949, less the five-day waiting period, to February 6, 1950, less 38 days worked, or 15 weeks and 3 days at $25.00 per week, and that the respondent or insurance carrier continue to pay claimant compensation at said rate until such temporary total disability

has ceased, not to exceed 300 weeks or until otherwise ordered by this Commission, and furnish claimant the necessary medical care and attention by reason of said injury."

Claimant testified that he suffered a strain on September 8, 1949. He quit work at the end of the day on September 18, 1949, and did not work any more until sometime in November, 1949. He then worked three days for Arrow Drilling Company and three days for Red Linn. He worked 28 days in December for Arthur Eggleston, and sometime in 1950, prior to the hearing on February 3, 1950, he worked eight more days for Eggleston.

On December 13, 1949, Dr. Kernek testified that he examined claimant on November 8, 1949, and that at that time claimant was temporarily totally disabled, and that in his opinion claimant's disability was due to the accidental injury on September 8, 1949.

The only other medical evidence was a report dated November 3, 1949, made by Dr. William L. Waldrop to the State Insurance Fund. It fixes no degree of disability and states that any disability of claimant is not due to the accidental injury.

An award was made on February 6, 1950.

85 O. S. 1941 §22, subd. 2, states:

"Temporary Total Disability: In case of temporary total disability, sixty-six and two-thirds per centum of the average weekly wages shall be paid to the employee during the continuance thereof, but not in excess of three hundred weeks, except as otherwise provided in this Act."

Subdivision 4 thereof is as follows:

"Temporary Partial Disability: In case of temporary partial disability, except the particular cases mentioned in subdivision 3 of this Section, an injured employee shall receive sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage earning capacity thereafter in the same employment or otherwise, if less than before the injury during continuance of such partial disability, but not in excess of three hundred weeks, except as otherwise provided in this Act."

The disability of an injured employee during the healing period should be compensated as temporary total disability or temporary partial disability in accordance with the facts. Magnolia Pipe Line Co. v. Smith, 167 Okla. 316, 29 P. 2d 569. Temporary total disability means the healing time or that period of time that the employee, by reason of his injury, is unable to perform any kind of labor, or is totally disabled. Western Steel Erecting Co. v. Lukenbill, 143 Okla. 92, 287 P. 724; Mead & Phillips Drilling Co. v. Rush, 158 Okla. 265, 13 P. 2d 78; Sinclair Prairie Oil Co. v. Stevens et al., 202 Okla. 181, 211 P. 2d 286. Compensation awarded for temporary total disability during the period the injured employee was paid wages at the rate earned before the accidental injury was held to be error in Continental Oil Co. v. Hayes, 157 Okla. 142, 11 P. 2d 470.

In Earl W. Baker & Co. v. Maples, 155 Okla. 105, 8 P. 2d 46, the State Industrial Commission allowed temporary total disability from January 2, 1931, to April 15, 1931. The evidence showed that claimant had worked in March of 1931. The award for that period was vacated.

In Sweetwater Gin Co. v. Wall, 153 Okla. 96, 5 P. 2d 126, it is stated:

"Workmen's Compensation Law does not require an injured employee to continue to work if it will cause him continuously to suffer serious discomfort and pain while he is so engaged. Joliet & E. Traction Co. v. Industrial Comm., 299 Ill. 517, 132 N. E. 794."

Therein the fact that the claimant had worked for a few days was disregarded. See, also, Oklahoma Natural Gas Co. v. Davis, 181 Okla. 530, 75 P. 2d 435; Rock Island Imp. Co. v. Prince, 154 Okla. 15, 6 P. 2d 823.

In Huerbin v. D. L. Clark Co. et al., 140 Pa. Super. 406, 14 A. 2d 175, under a statute similar to ours, the State Industrial Commission had allowed temporary total disability at irregular intervals covering the period during which the injured employee was not employed. The court vacated the award for temporary total disability, holding that temporary total disability may end and recur. Therein the court stated:

" . . . In connection with a re-examination of the facts, we call attention to the board's action in finding a change from partial to total disability almost invariably on a basis of a loss of wages rather than loss of earning power. The two may be coincident but are not necessarily so."

We think this statement is applicable here. The disability should be determined upon whether or not claimant was capable of performing the labor, not upon whether he was paid wages. There is no evidence in the record showing that claimant was unable to work except for the statement that he had to quit work after the three days each he worked for the Arrow Drilling Company and Red Linn, and the further statement that the remaining days after his injury on September 8 until he quit work on September 18, he did no work, but just stood around. As stated above, Dr. Kernek's testimony was given on December 13, 1949, and he had not seen the claimant since November 8, 1949. Following November 8, 1949, claimant had worked the six days above referred to and thereafter worked 28 days in December and eight days in 1950 for Arthur Eggelston. He did not testify that he was unable to work in December, but stated that he quit work at the end of that 28-day period because Arthur Eggleston had completed the job.

Because claimant was temporarily totally disabled on November 8, 1949, it does not follow that he was at all times thereafter disabled and remained so to and including the time of the order made February 6, 1950. Smith v. Zwei-fel, 176 Okla. 113, 54 P. 2d 649; Ross v. Ross, 184 Okla. 626, 89 P. 2d 338. In Smith v. Zweifel, supra, it is stated:

"If claimant's evidence establishes' his temporary total disability from the date of the accident to a certain date prior to the hearing but from that date to the date of the hearing there is no evidence of disability at all, that portion of the award covering the latter period will be vacated for lack of evidence; there being no presumption that a temporary disability continues until the opposite is shown."

The award for temporary total disability from the period from September 8, 1949, to February 6, 1950, cannot be justified. There is no statutory authority for the computation of the award in the manner made by the State Industrial Commission.

The award is vacated and the cause remanded to the State Industrial Commission for proceedings not inconsistent with the views herein expressed.

ARNOLD, C.J., LUTTRELL, V.C.J., and WELCH, CORN, GIBSON, DAVISON, and JOHNSON, JJ., concur. O'NEAL, J., dissents.