**OTIS ELEVATOR COMPANY, a Corporation, Caldwell Construction Company and Employers Liability Assurance Corporation, Petitioners,**

**v.**

**Earnest Earl PFLEEGER and the State Industrial Commission, Respondents.**

**No. 38023.**

Supreme Court of Oklahoma.

April 8, 1958.

Rehearing Denied May 20, 1958.

Covington, Donovan & Gibbon, Tulsa, for petitioners.

Norman Barker, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

Earnest Pfleeger, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment with

Otis Elevator Company on June 10, 1955. On the 10th day of June 1957, the trial commissioner entered an award for total permanent disability and this award was affirmed by the Commission en banc. This proceeding is brought by the employer and Employers Liability Assurance Corporation, insurance carrier, to review the award.

The record discloses that claimant dropped approximately 112 feet in an elevator shaft and in his fall suffered a compound fracture to his left leg by reason of the leg striking the edge of the floors in his descent. He was hospitalized for treatment of the leg and it was necessary to transplant portions of the bone of the right leg and perform other operations thereon. He had been hospitalized for a total of more than a year. During his hospitalization and thereafter he developed a heart condition and phlebitis. At the time of the hearing on April 29, 1957 he was totally disabled.

The sole issue presented in two propositions is there is no evidence reasonably tending to support the finding of the State Industrial Commission that claimant is totally and permanently disabled as a result of the accidental injury of June 10, 1955.

Dr. W testified for claimant and filed a written report. Both in his testimony and in his report it is stated that claimant will never recover and is permanently and totally disabled and that the disability is the result of the accidental injury of June 10, 1955. Claimant still receives treatment both for his leg and for his heart condition.

Three doctors filed reports for petitioners. They did not testify. Dr. R. in his report filed May 29, 1957, dated November 27, 1956, does not indicate probable recovery. The report is inconclusive as to temporary disability. The report of Dr. B dated April 15, 1957, filed May 29, 1957, might in some sense be considered contradictory to the testimony and report of Dr. W insofar as it relates to a possibility or even a probability of healing of the left leg. This report is inconclusive as to tem-

porary or permanent disability or as to the time of recovery.

Petitioners cite Vol. 41, Words and Phrases, page 281 which states that "temporary total disability" means the healing time, or that period of time that the employee, by reason of injury, is unable to perform any kind of labor and is totally disabled, when recovery is reasonably expected. Petitioners argue that claimant is temporarily totally disabled as that term is defined in Western Steel Erecting Co. v. Lukenbill, 143 Okl. 92, 287 P. 724; Mead & Phillips Drilling Co. v. Rush, 158 Okl. 265, 13 P.2d 78; Magnolia Petroleum Co. v. Allred, 160 Okl. 126, 16 P.2d 78; Oklahoma Natural Gas Co. v. Davis, 181 Okl. 530, 75 P.2d 435; Peabody Coal Co. v. Industrial Commission, 308 Ill. 133, 139 N.E. 7; and Smith & McDonnald v. State Industrial Commission, 133 Okl. 77, 271 P. 142. In Mead & Phillips Drilling Co. v. Rush, supra [158 Okl. 265, 13 P.2d 78], it is stated:

"Temporary total disability means the healing time, or that period of time that claimant, or the employee, by reason of the injury, is unable to perform any kind of labor and is totally disabled—that class of disability from which you could reasonably expect a recovery."

We are of the opinion that the rule of law as set forth in the case of Pure Oil Co. v. Bartell, Okl., 317 P.2d 742 is the applicable rule to be followed herein. In that case it is stated:

"The question as to the extent of disability sustained by a workman as the result of an accidental injury, where the evidence is in conflict, presents a question of fact for the determination of the State Industrial Commission and its findings on such issue and an award based thereon awarding compensation will not be disturbed on review where reasonably supported by the evidence."

We are of the opinion and hold that there is competent evidence reasonably

tending to support the finding that there is a strong probability that there will be no recovery so that claimant will be able to perform any further manual labor and that he is therefore permanently and totally disabled and that his disability is due to the accidental injury on June 10, 1955.

Award sustained.

WELCH, C. J., CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.