**SMITH–GRUNER, Petitioner,**

v.

**Everett YANDELL and the Workers' Compensation Court, Respondents.**

No. 69394.

Court of Appeals of Oklahoma, Division 1.

Jan. 24, 1989.

Charles S. Plumb, Tulsa, for petitioner.

Fred L. Boettcher, Ponca City, for respondents.

## MEMORANDUM OPINION

MacGUIGAN, Judge:

On May 21, 1984 Everett Yandell (Claimant) sustained an on-the-job injury to his neck and shoulder. Claimant was awarded temporary benefits from May 22, 1984 to October 6, 1984 and was additionally awarded a 15% permanent partial disability to the body as a whole as a result of that injury. Thereafter, Claimant's medical condition deteriorated and worsened such that he became temporarily totally disabled and filed a Form 9 for temporary total disability benefits and additional medical treatment from April 11, 1985 and continuing therefrom.

The Workers' Compensation Court issued its order finding that Claimant sustained a change of physical condition for the worse and was in need of treatment. The court found Claimant temporarily totally disabled from June 6, 1986 to the date of the hearing and continuing during Claimant's period of temporary total disability not to exceed 300 weeks. Respondent appealed the decision of the trial court to the court *en banc* which issued its order unanimously affirming the decision of the trial court. This appeal results.

Respondent has only appealed the awarded benefits to Claimant inasfar as they include temporary total disability after June 6, 1986.

In February 1985 after returning to work after his initial injury, Claimant began experiencing soreness in his neck and shoulders and was advised after examination that he could continue work as long as he did not lift heavy objects. Because of the stricture concerning the lifting of 15 pounds or over, Claimant was laid off of his employment from Respondent with the caveat that he would be returned to employment if a position became available where he was physically able to perform his work without danger of reinjury. Claimant attempted to work at another construction firm but quit his employment af-

ter three days because he developed pain in his back and neck. Claimant testified that he thought he was capable of performing his job as long as the work did not require any heavy lifting.

Thereafter, Claimant began working at a hardware store as a part-time janitor and worked at such business from December 12, 1985 through May 9, 1986. On May 9, 1986 Claimant resigned his employment with the hardware store in order to accept a position as a jailer with the sheriff's department of Kay County. Claimant became a jailer in the Control Room. Claimant testified that he quit his job at the hardware store to work as a control officer because he thought he would receive better pay and could work longer hours. He worked as a jailer from May 9 until June 5, 1986. His job ceased after June 5, 1986 because the sheriff's department exhausted funding for his position. Claimant testified that he thought he was capable and wanted to continue working as a jailer after June 5, 1986 if funding of the position had continued. The trial court refused to award Claimant temporary total disability for that period while he was employed as a jailer, i.e. May 9, 1986 through June 5, 1986; however, the trial court found that Claimant was temporarily totally disabled and awarded temporary total disability benefits for the time period after Claimant was laid off as a jailer and continuing thereafter.

■ Temporary total disability benefits are only designed to be awarded to individuals for compensation during the "healing period" after a severe injury. Claimant could not have been totally disabled and entitled to temporary total disability benefits if he was capable of some employment or if he was able to perform some remunerative work. *Bama Pie, Inc. v. Roberts*, 565 P.2d 31 (Okl.1977). If Claimant was able to work in some capacity, although not in the same pre-job-injury capacity, he could not be determined to be temporarily totally disabled and, therefore, he would not be entitled to temporary total disability benefits. *Oklahoma Gas & Electric Co. v. Hardy*, 179 Okl. 624, 67 P.2d 445 (1937). The issue, therefore, is whether the Claim-

ant was capable of working. *National Well Service v. Brumley*, 204 Okl. 190, 228 P.2d 638 (1951). It follows that when a person works in any capacity subsequent to an initial injury, there is a rebuttable presumption that he is not totally disabled and, therefore, not entitled to total disability benefits. *See, Special Indemnity Fund v. Stockton*, 653 P.2d 194 (Okl.1982). Any entitlement to temporary total disability would cease upon Claimant's ability to do any work. *Richardson v. M. & D. Freight Lines, Inc.*, 322 P.2d 192 (Okl.1957).

Claimant's medical evidence as of May 6, 1986 reflects that Dr. Robert Gibson stated Claimant was either totally or partially disabled on a temporary basis. Dr. Gibson's subsequent examination and report dated October 4, 1986 addresses a time period ending May 27, 1986 and does not reflect Claimant's medical condition post May 27, 1986.

Respondent's doctor, Dr. George Martin, rated Claimant as being 12% permanently partially disabled and stated that Claimant could return to his usual occupation. Dr. Martin examined Claimant on June 26, 1986 and, therefore, addresses Claimant's medical condition post June 6, 1986.

Claimant's testimony reflects that he was physically capable of continuing to work as a jailer after June 5, 1986 and the only reason he didn't continue to do so was the fact that funding ceased for such position. None of the reports prepared by Dr. Gibson contained any information or expressed any opinion relating to Claimant's post June 6, 1986 physical condition (the only time period at issue in this appeal). The only medical evidence in the record which addresses Claimant's physical condition after June 6, 1986 is the June 26, 1986 medical report of Dr. George Martin which states that Claimant was not temporarily totally disabled.

■ Because the record reflects that Claimant was capable of performing some work after June 6, 1986, we hold the award of temporary total disability benefits for the period after June 6, 1986, was inappropriate and should be vacated as being un-

supported by any competent evidence. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984); *National Well Service v. Brumley, supra.* We therefore vacate the order of the Workers' Compensation Court allowing temporary total disability benefits to the Claimant after June 6, 1986.

ORDER VACATED.

HUNTER, P.J., concurs.

HANSEN, J., dissents.